1836.

Woods
v.
Skinner,

## Woods *vs.* Skinner & Bulkley.

Where two of three copartners in a mercantile firm sold and assigned all the partnership property and effects to W., their copartner, and D. W., as his surety, joined with him in a bond to B. one of the retiring partners, to pay the debts of the firm and indemnify him against any liability on account of such debts; and a bill in chancery was afterwards filed by W., as such assignee, against S., to recover a demand claimed to be due from him to the firm, and also to bar a claim against the firm on the part of S., which he by his answer alledged to be due and claimed to have allowed to him against the copartnership; *Held,* that D. W. was not a competent witness for the complainant, to establish his claim against S. and to disprove the claim set up by the latter against the firm; as a decision in favor of the complainant establishing or increasing the amount of the company debt against S., or diminishing the amount of the claim sought to be offset by the defendant, would discharge or diminish the liability of the witness on the indemnity bond pro tanto.

If the liability of the witness will remain the same whichever way the suit is determined, he is not incompetent; but if a decision in favor of one of the parties would have the effect to discharge the witness from further liability, while a contrary decision would leave him exposed to a suit, he is not a competent witness for the party who is seeking a decision which will discharge the witness from further liability.

To render a witness incompetent on the ground of interest, it is not necessary to show that the record of a judgment against the party calling him would be evidence against the witness in a subsequent suit. It is sufficient to exclude him, if a decision of the cause in favor of the party calling him will absolutely discharge the witness from his liability to a future suit and recovery against himself.

April 19.

THIS was an appeal from a decision of the vice chancellor of the fourth circuit, refusing to suppress the deposition of D. Woods, as a witness for the complainant. One object of the suit was to obtain a decree against the defendant Skinner, barring a claim made by him against the firm of Bulkley, Bishop & Woods, for merchandize which he alleged had been sold by him to that firm, but which the complainant insisted had been sold to Bulkley individually, and constituted his share of the copartnership stock. Another object of the complainant's bill was to recover against the defendant Bulkley, a balance claimed to be due from him to the firm of Bulkley, Bishop & Woods; and Bulkley, in his answer, set up claims in his favor against the firm,

which claims were resisted on the part of the complainant. The firm of Bulkley, Bishop & Woods was dissolved in September, 1830, and Bulkley & Bishop then sold and conveyed to the complainant their several interests in the firm, and he agreed to pay all the debts of the copartnership. The complainant also gave to Bishop a bond, in the penalty of $40,000, with a condition that he would pay all the debts of the firm within two years, and would exonerate and indemnify Bishop therefrom, and from all costs, charges and trouble on account of any demands against the firm ; in which bond D. Woods, the witness, joined as one of the sureties. After the commencement of this suit the complainant failed, and in May, 1833, he assigned all his property, including the debts, claims and effects, belonging to him as the assignee of the late firm of Bulkley, Bishop & Woods, to the witness D. Woods, in trust to indemnify himself from his liability on the bond to Bishop, by paying such debts of that firm as were justly due, and the costs of the litigation respecting the same, and to apyly the residue of the assigned property in payment of the debts of the complainant, giving certain preferences to particular classes of creditors. The assignment also contained a provision that the assignee should continue to prosecute this suit. And on the 30th of December, 1833, shortly before the examination of D. Woods as a witness in this cause, he re-assigned to the complainant, W. Woods, a portion of the assigned property, including the claims of the complainant against Bulkley for which this suit was brought. Upon the examination of D. Woods, as a witness for the complainants, to disprove the claim of Skinner against the firm of Bulkley, Bishop & Woods, and to establish the claim against Bulkley in favor of the complainant as the assignee of the firm, and to disprove the claims set up by Bulkley, he was objected to as incompetent, on account of his interest in having the suit decided in favor of the complainant. The examiner reserved the question, and an application was thereupon made to the vice chancellor to suppress the deposition. From the decision on that application, both of the defendants appealed to the chancellor.

1836.

Woods
v.
Skinner.

The following opinion was delivered by the vice chan-
cellor:

E. Cowen, V. C.   If Bishop were a party, there could
be no doubt of D. Woods' interest; for a decree against
Skinner would forever estop Skinner to claim against Bishop,
and throw the claim upon Bulkley alone, and thus D. Woods,
the surety, would escape.   This record would then be evi-
dence against Skinner, in favor of Bishop.   The difficulty
lies in the parties not being identical.   Were Bishop a party
with the others, the record would be evidence not only for
them all, but for each; according to *Lawrence* v. *Hunt*, (10
*Wendell*, 80,) which is no more than the case of *Hitchine*
v. *Campbell*, (2 *Wm. Black. Rep.* 827.)   Those were cases
of verdicts and judgments at law, and my decree would
stand on the same footing, and be evidence under the
same limitations.   (1 *Phil. Ev.* 358, 7th ed.)   But I am not
aware of any case where a verdict and judgment for A. can
be used as evidence in favor of B., unless the latter be in
some way privy to the former.   I admit the contrary was
held in *Whatley* v. *Manheim & Levy*, (2 *Esp. N. P. Cas.*
808,) where the defendants, being found partners during a
certain time, on a feigned issue between them awarded on
the equity side of the exchequer, in an action against them
as partners by Whatley, the verdict was received by Lord
Kenyon as evidence of the partnership, it having been open
to Manheim on that issue, to rebut the idea of a partnership
by every evidence he could offer.   And in another nisi prius
case, (*Lowfield* v. *Bearcroft, Bull.* 40,) a feigned issue found
against one defendant was used against another who was
not a party to the issue.   *Phillips*, (333, 7th ed.) cites these
cases without comment, and refers also to 2 *New Rep.* 371,
in which book I find nothing on the question.   On what
ground the discussion in *Lowfield* v. *Bearcroft* proceeded we
are not informed, though surely the other defendant must
have been in some way privy to the verdict; and as to
*Whatley* v. *Manheim*, the reason given by Lord Kenyon
would subvert the rule, which I understand demands strict
mutuality and identity of parties; that is, to entitle the party

to use the verdict or decree in his favor, it must be capable of being used as evidence against him. (*Phil.* 326, 7, 7*th ed., and the cases there cited.*) This rule was taken as fully settled so late as *Ward* v. *Wilkinson*, (4 *Barn. & Ald.* 410, 412, *per Abbott, C. J.*)

It is obvious, that should the reason assigned by Lord Kenyon be adopted it would, among an innumerable class of other innovations, let in a single verdict against partners at the suit of one person so as to conclude or affect them, on the fact of partnership in a suit in favor of any other persons, who might seek to charge them as jointly liable. Indeed this effect was sought to be given to that case in *Burgess* v. *Lane*, (3 *Greenl. Rep.* 165.) The question was there very fully considered ; and *Whatley* v. *Manheim* was held anomalous, not justified by any distinction which could be raised in its favor. The same point was virtually held in *Lord* v. *Baldwin*, (6 *Pick.* 348,) though it is admitted that the attention of the court was not then drawn to *Whatley* v. *Manheim.*

I find nothing in the case at bar to take it out of the general rule.

*J. Holmes & S. Stevens,* for the appellants.

*D. Russell,* for the respondent.

THE CHANCELLOR. I cannot see that the witness D. Woods is interested in the event of this suit, so far as relates to the controversy between the defendant Bulkley and the complainant. Although the assignment of the subject matter of the suit to the witness, in May, 1833, might perhaps have afforded just grounds for an application, on the part of the defendants, to stay the proceedings until the assignee had made himself a party to the suit by a supplemental bill, (as this court requires the proceedings to be carried on in the name of the real complainants,) the re-assignment to W. Woods, in December, 1833, restored the parties to their former situation, so far as relates to the further prosecution of this suit. Whether the witness has or has not made him-

self liable to the creditors for whose benefit the original assignment was made, to the extent of the assigned property, does not appear to be a question which can properly arise in this cause, except so far as the assignment for his indemnity as one of the sureties in the bond to Bishop may be considered as an indemnity for the benefit of Skinner, as his co-surety. And so far as I can understand the nature of the arrangement made between Bulkley, Bishop & Woods, at the time the two first sold out their respective interests in the firm to W. Woods, Bulkley cannot have any personal claim against Bishop for any balance that was due to the former on his private accounts with the firm at the time of the dissolution. D. Woods, therefore, cannot be made liable to Bishop on his indemnity bond, although there should be a balance found due to Bulkley from the firm ; and for that reason he has no interest to testify in such a manner as to produce a decree against the defendant Bulkley, which would forever preclude the latter from making any claim upon either of his copartners.

The competency of the witness, as against the defendant Skinner, does not depend upon the question whether a decree in favor of the latter, establishing a debt against the firm of Bulkley, Bishop & Woods, would be conclusive evidence against Bishop of the indebtedness of the firm, in a future suit against him for the recovery of such debt. Even if the decision in the case of *Whatley* v. *Manheim & Levy*, (3 *Esp. Rep.* 608,) can be considered as sound law, which I am not disposed to admit, it does not appear to be applicable to the present case ; as the party against whom the record in the former suit was offered in evidence in that case, was a party to such former suit, and had the opportunity to contest his liability as a partner, if no partnership did in fact exist between him and Levy. The vice chancellor was therefore right in the conclusion at which he arrived, that a decree in favor of the defendant Skinner in the present suit, to which Bishop is not a party, establishing the debt which is claimed against the firm, would not be evidence against Bishop in another suit, which might hereafter be brought against him and his copartners, for the recovery of that debt.

1836.

Woods
v.
Skinner.

It is also unquestionably true, as a general rule, that the record of a judgment or decree cannot be used as evidence against a party in another suit, who could not have availed himself of it if the decision had been the other way; or, in other words, a person who was not a party to the suit, so that the judgment or decree could not have operated against him by way of estoppel if it had been adverse to his interest, cannot avail himself thereof as *res judicata* in his favor, even as against a party to the former suit. There are some cases, however, in which, from the connection of the witness with the subject matter of the litigation, the decision of the cause in one way would necessarily have the effect to relieve the witness from all future liability, while a contrary decision would leave him exposed to a suit; although the record in the former suit, to which he was not a party, could not be given in evidence against him to establish his liability in the subsequent litigation. In such cases the witness is interested in producing a decision in the cause which will have the effect of shielding him from future liability. He is therefore incompetent to give testimony for the purpose of producing such a result, or in favor of the party who is seeking to obtain such a decision. In the language of the late Chief Justice Ewing of New-Jersey, if the liability of the witness remains the same, whichever way the verdict may be, he is indifferent; but if in one event his liability is diminished, he is not a competent witness for that party, and to produce that event. (*Harwood* v. *Murphy*, 4 *Halst. Rep.* 215.) The cases of *Bland* v. *Ansley*, (5 *Bos. & Pul.* 331,) *Keightley* v. *Birch*, (3 *Camp. Rep.* 521,) *Gardiner* v. *Seward*, (2 *Yeates' Rep.* 185,) *Pendleton* v. *Speed*, (2 *J. J. Marsh. Rep.* 508,) and *Rogers* v. *Dibble*, (3 *Paige's Rep.* 238,) were all decided upon this principle; for in neither of those cases would a decision of the cause against the party calling the witness, have been any evidence against the witness, in a subsequent suit against him, as he was not a party; but in all of them a decision in favor of the party calling the witness, would have rendered it impossible that the witness should be made liable in any subsequent suit against him.

self, or such a decision would in some other way have bene-
fitted the witness who was rejected as incompetent.

In the case under consideration the witness, D. Woods,
has given to Bishop a bond, to indemnify him against the
payment of any of the copartnership debts; and he is now
called as a witness against Skinner, for the purpose of show-
ing that the debt claimed was the private debt of Bulk-
ley, and was not due to Skinner from the firm of Bulkley,
Bishop & Woods. The proper mode, therefore, of testing
the competency of D. Woods as a witness, is to inquire
whether Bishop himself could be called by the complainant,
as a witness against Skinner, for this purpose. If the decree
of the court should be in favor of Skinner establishing the
debt claimed by him against the firm, or dismissing the com-
plainant's bill, so far as it seeks for a decree to bar the claim
made by Skinner against the firm of Bulkley, Bishop &
Woods, Bishop, in any subsequent suit brought againt the
firm, would not be precluded from showing that Skinner's
demand was not against the copartnership, but against the
defendant Bulkley, individually; as Bishop would not be
estopped by a decree to which he was not a party. But if
the complainant, by calling Bishop as a witness, could suc-
ceed in obtaining a decree in his favor, declaring that the
defendant Skinner was not a creditor of the firm, and re-
straining him from attempting to enforce such a claim against
the complainant, which is the relief asked for in the bill as
to this part of the case, it would be impossible for Skinner
ever afterwards to succeed in rendering Bishop liable for
the debt against him and his copartners, or against him in-
dividually. For if the suit was brought against the firm, the
decree would be a conclusive bar as against Woods, in
whose favor it was made; and there could be no recovery
against one partner in a joint suit, if the suit could not be
sustained against the others in such a case. And if the suit
was brought against Bishop alone, he might plead in abate-
ment that the debt for which the suit was brought, if any
such debt was due, was one for which his former partner,
Woods, was jointly liable with him. I am also inclined to
think he might plead this fact in bar, in connection with the

fact that the remedy of Skinner was barred, as against the copartner, by the decree which had been made in the previous suit. From this view of the case, the witness D. Woods was directly interested to give such testimony in the present suit as would have the effect to produce a decree in favor of the complainant against the defendant Skinner. The decision of the vice chancellor must therefore be reversed, as respects the appellant Skinner; and an order must be entered to suppress so much of the testimony of the witness, D. Woods, as relates to any claim of Skinner against the firm of Bulkley, Bishop & Woods. But the decision of the vice chancellor must be affirmed as to so much of the testimony of this witness as relates to the other matters in controversy in the cause. And neither party is to have costs, as against the other, on this appeal, or on the original application to the vice chancellor to suppress the deposition.