LINSEE *v.* THE STATE, on the Relation of FITCH and Another.

Suit, on a sheriff's bond, for the escape of a debtor alleged to have been arrested on a *ca. sa.* by a constable, and to have been delivered by him with a copy of the *ca. sa.* to the sheriff. *Held*, that evidence of the contents of the *ca. sa.*, the original being lost, was admissible for the plaintiff, without

having averred the loss in the declaration, or given notice to the defendant of the plaintiff's intention to prove the loss and the contents of the *ca. sa.* Held, also, that the constable was not a competent witness in such case for the plaintiff, to prove the delivery of the copy of the *ca. sa.* to the sheriff.

*Tuesday,*
*July 6.*

ERROR to the *Miami* Circuit Court.

SULLIVAN, J.—Debt on a sheriff's bond. Two breaches were assigned in the declaration; 1. That *Fitch* and *Farquar*, on, &c. obtained a judgment against one *Joseph Cowan* for the sum of 46 dollars before *Samuel Pike*, a justice of the peace of *Miami* county; that a *capias ad satisfaciendum* was issued on said judgment, which was directed and delivered to one *John Dabney*, a constable, &c. commanding him to arrest said *Cowan*, and commit him to the common jail, &c.; that *Dabney* did arrest him and deliver him to said *Linsee*, sheriff of the county of *Miami;* and that said *Linsee* afterwards permitted said *Cowan* to escape; 2. The second breach after setting out the judgment, execution, and arrest as in the first breach, recites, that *Dabney* conveyed the body of *Cowan* to the jail of said county and offered to deliver him to said *Linsee*, then being sheriff, &c., together with a copy of the *capias ad satisfaciendum* according to law, but *Linsee* refused to receive him into his custody; by means whereof said *Cowan*, without the leave of said *Fitch* and *Farquar*, was permitted to escape and go at large.

The defendant pleaded four special pleas. It is only necessary to notice the first, third, and fourth, as no question arises in the case on the second plea. The first plea denies that *Dabney* delivered a certified copy of the *capias ad satisfaciendum* with the body of *Cowan* to the defendant as alleged. The third denies " that the justice of the peace did issue and deliver to *Dabney* a writ of *ca. sa.* as alleged, &c." The fourth plea is, that *Dabney* did not tender and offer to defendant, a copy of said *ca. sa.* as averred, &c. The pleas concluded to the country and issues were made by the plaintiff. Verdict and judgment for the plaintiff.

On the trial of the cause, it was proved by *C. C. Moore* that he was the successor of *Pike*, and had possession of his docket and papers; that he had made diligent search among said papers for the writ of *ca. sa.* in the declaration men-

tioned, but could not find it. The plaintiff thereupon offered to prove the contents of the writ, to which the defendant objected, but the Court overruled the objection and the proof was received.

The plaintiff in this Court contends, that, as there was no averment in the declaration of the loss of the *ca. sa.*, the plaintiff in the Court below should have given him notice of his intention to prove the loss and contents of the writ on the trial. The objection is not tenable. It was not necessary that the declaration should contain such an averment. The paper lost was a part of the evidence in the cause, not the foundation of the suit. Nor was notice of the plaintiff's intention to prove the contents of the writ necessary. If the writ had been in the possession of the defendant, a notice to produce it on the trial would have been necessary, before the plaintiff could resort to secondary testimony. But it was not in his possession. It was presumed to be in the keeping of the proper officer, and having proved its loss by him, he had a right to prove its contents.

It further appears that on the trial, *Dabney*, the officer that arrested *Cowan*, was offered as a witness by the plaintiff, and objected to by the defendant on account of his incompetency. The Court overruled the objection and admitted the witness. A witness is interested in the event of a suit, if the record can be used as an instrument of evidence in securing to him some advantage, or of repelling some charge against him or claim upon him in some future proceeding. *Bent* v. *Baker*, 3 T. R. 27.—*Smith* v. *Prager*, 7 id. 56.—*Bland* v. *Ansley*, 2 N. R. 331.—*Woods* v. *Skinner et al.*, 6 Paige, 76. By the 78th section of the justices' act, R. S. 1838, it is provided, that when any constable shall, by virtue of a writ of *ca. sa.* issued by a justice of the peace, commit the execution-defendant to the jail of the county, a certified copy of such writ, under the hand of such constable, shall be a sufficient warrant to authorize the keeper of the jail to receive him, &c. The question now is, whether *Dabney* gave to the jailer a certified copy of the writ (when he delivered *Cowan* into his custody, if he did so deliver him,) by which he was authorized to receive him and keep him in custody? Without such copy, *Linsee* was not autho-

May Term, 1841.

rized to receive the prisoner, consequently if he was permitted to escape, it was from the possession of *Dabney.* By fixing the escape on *Linsee, Dabney* relieves himself from a suit by *Fitch* and *Farquar*, and the verdict against *Linsee* would be evidence for *Dabney* at all times, and relieve him from accountability. See the case of *Raymond* v. *Simonson*, 4 Blackf. 86.—*Hayes* v. *Grier*, 4 Binn. 83. We are therefore of opinion that *Dabney* was an incompetent witness, and ought to have been excluded.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, at the costs of the relators. Cause remanded, &c.

*W. Wright*, for the plaintiff.

*C. Fletcher, O. Butler*, and *S. Yandes*, for the defendant.