ALBANY,
Jan. 1833.

Lawrence
v.
Hunt.

by her acts. He cited 1 *Comyn on Cont.* 178 ; 1 *Esp. R.* 142. 2 *Starkie's Ev.* 57 ; *Bingham,* 255, n.

*J. C. Clark,* for plaintiff.

---

### LAWRENCE *vs.* HUNT.

In an action by A. against B. for damages for the non-delivery of a quantity of wheat, *it was held* that a verdict and judgment in an action by B. against A., in which the plaintiff claimed to recover the price of the wheat, alleging a delivery of part and a readiness as to the residue, was no bar to A.'s right to recover, B. having claimed to recover as well for *rye* and *corn* as for *wheat* sold, and it not appearing that any part of the verdict was for the *wheat.* This was so adjudged, although on the trial of B.'s suit, the recovery for the wheat was contested on the ground that the plaintiff had failed to perform his part of the contract in reference to the same.

It was also *held* in this case, that a record of a former verdict and judgment was admissible in evidence, although between different parties, where the party sought to be affected by the evidence was a party to the former suit, in which it was sought to charge him as jointly liable with another, and which joint liability he contested on the former trial.

THIS was an action of *assumpsit,* tried at the Yates circuit in June, 1831, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The plaintiff proved a contract made between him and the defendant in April, 1828, by which it was agreed that the defendant should deliver to the plaintiff, at his mill at Milo, in

the county of Yates, 500 bushels of wheat, as fast as the plaintiff should want it between the time of the contract and the first day of July following, and that the plaintiff should pay him *five shillings* and *sixpence* per pushel in seven months from the first day of May, with interest, after five months. Between the first of May and the eleventh of July, the defendant delivered about 118 bushels of wheat, for which the plaintiff gave him receipts. In August, 1828, the plaintiff demanded the residue of the wheat, which was not delivered. The price of wheat in harvest time of 1828, in the vicinity of the plaintiff's mill, was *ten shillings* and *sixpence* per bushel.

The defendant produced in evidence the record of a judgment in his favor against the plaintiff and one Ichabod Baldwin. In the declaration in that suit was set forth a contract between the now defendant on the one part and *the now plaintiff* and *Ichabod Baldwin* on the other, by which Hunt, the now plaintiff, sold to Lawrence and Baldwin a certain quantity of *wheat, rye* and *corn* then belonging to Hunt, to wit, all the crop of wheat, rye and corn that Hunt then had to spare, at the price of five shillings and sixpence per bushel for the wheat, and three shillings and sixpence per bushel for the rye and corn ; the whole to be paid for on the 1st December, 1828, with interest on the rye and corn from the 1st July, and on the wheat from the 1st October ; the grain to be delivered in a reasonable time. It was then averred that on the 29th October, 1828, Hunt delivered 100 bushels of wheat, 500 bushels of rye and 500 bushels of corn, and was ready and offered to deliver the remainder of the wheat, &c. but that Lawrence and Baldwin refused to receive the same, and to pay for the grain already delivered. The defendant proved that on the trial of the cause in his favor, he proved the delivery of a quantity of rye and corn, and also of a quantity of wheat, the delivery of the wheat being proved by the production of the *receipts* now shewn on the part of the plaintiff in the present action. It however appeared that upon that trial it was objected that Hunt could not recover for the wheat, because it was delivered under a contract made with Lawrence *alone,* upon which Lawrence and Baldwin could not be

charged as joint contractors, and also that he was not entitled to recover for the wheat, because he had failed in performing his part of the contract in relation thereto.   Hunt had a verdict, for what amount does not appear from the case.  To the admission of this record as evidence, the plaintiff objected, first, as the record of a suit between different parties, and second, that from the record it did not appear that the plaintiff recovered for the wheat claimed by him ; and though he obtained a verdict, such verdict might have been only for the rye and corn delivered.   The objection however was overruled and the evidence admitted, and the jury, under the charge of the judge, found a verdict for the defendant.   The plaintiff moves for a new trial.

*H. Welles,* for plaintiff.

*E. Van Buren,* for defendant.

*By the Court,* NELSON, J.   The questions presented for consideration in this case are as to the admissibility and effect of the former recovery by the present defendant.

The objection that there was another party to the record in the former cause jointly with the present plaintiff, I am of opinion, is not of itself sufficient to exclude the record under the circumstances which appeared at the trial.   The general rule undoubtedly is, that the verdict or judgment must be between the same parties or those claiming under them, and that a verdict or judgment is not binding upon a third person, who has not had an opportunity to make a defence, or to appeal from the judgment if erroneous.   Neither can a stranger give in evidence the verdict or judgment against a party to the record, because, had such stranger been a party to the former trial, the evidence and result might have been entirely different.   The reasons for the exclusion of the record in the last case would seem to have some application to the present, for although the plaintiff had an opportunity to defend the former suit, yet it was in conjunction with a third person, which fact might have varied the evidence and embarrassed the defence. Be this as it may, I think it cannot be doubted that if the

wheat upon the contract in question had been the *only* subject of dispute in the former suit, and the plaintiff had recovered upon the merits, it would have put an end to the litigation. Two facts would necessarily have been established by it, to wit, the liability of both defendants and the fulfilment of the contract by the plaintiff. Without these, he would not have been entitled to recover, and while they remained found by the former verdict, the present plaintiff could not have recovered damages for the non-performance by the present defendant of his part of the contract ; the subject would be *in rem judicatum.* Any other conclusion might present the anomaly of two adverse recoveries by the respective parties upon the same subject matter and evidence—the present defendant in the one case recovering the value of the wheat on the ground of the fulfilment of the contract, and the present plaintiff in the other recovering damages for the non-fulfilment of the contract by the defendant. This case may be distinguished, perhaps, from the one to which I have supposed it as above somewhat analogous, upon this ground : that as to the joint liability or partnership, the present plaintiff had every opportunity of contesting it which can exist in any case where that fact is attempted to be established, and when found against him, it is conclusive as between him and the adverse party. So far, then, as the contract or subject matter of the former suit is involved in the subsequent one in judgment of law, it should be deemed to be between the same parties.

Admitting the record was properly given in evidence, the next question is as to its effect upon the rights of the parties. This subject has recently undergone a full examination in this court, and in the court for the correction of errors in the case of *Jackson, ex dem. Genet, et al.* v. *Wood,* 3 *Wendell,* 27 ; 8 *id.* 9 ; and I consider the following positions to be settled by the result of that case, and which are particularly applicable here. *First,* that the judgment of a court of concurrent jurisdiction, or one in the same court directly on the point, is as a plea a bar, and as evidence in certain cases, conclusive between the same parties upon the same matter directly in question in another court or suit ; but is no evidence of a matter which comes collaterally in question merely, nor of matter inciden-

tally cognizable, or to be inferred only by argument or con-
struction from the judgment.   This, it will be perceived, is a
reiteration of the position laid down in the case of *The Duch-
ess of Kingston*, by De Gray, Ch. J., with a qualification as to
the effect of the former recovery when given as evidence on
the trial.   The extent of this qualification will be found in the
opinion of the chancellor in *Jackson* v. *Wood*, 8 *Wendell*, 35,
and in the authorities by which it is sustained.   *Second*, that
if it does not appear from the record that the verdict and judg-
ment in the former suit were directly upon the point or mat-
ters which are attempted to be again litigated in the second
action, the fact may be shewn *aliunde*, provided the pleadings
in the first suit were such as to justify the evidence of those
matters, and that it also appeared that when proved, the ver-
dict or judgment must necessarily have involved their con-
sideration and determination by the jury.   In *Jackson* v. *Wood*
the record of the former judgment of *The Manhattan Compa-
ny* v. *Osgood and others* did not of itself shew that the validity
of the deed under which the lessors of the plaintiff in the case
claimed to recover, was in issue and was necessarily passed
upon by the jury, and the judgment was reversed because the
circuit judge excluded the parol evidence offered to prove that
this was the only fact or question before the jury on that trial.
That parol evidence was admissible to establish such a fact,
was asserted in both the opinions given in the court of errors.
Testing the facts in the case under consideration by the above
principles, it is clear the former recovery was inadmissible ev-
idence, and was not conclusive upon the rights of the parties.
The *onus* of the proof that the subject matter of this suit was
directly in issue in the former, and that the verdict for the
plaintiff necessarily involved a determination of the rights of
the parties upon the wheat contract on the merits, lay upon
the defendant.   The converse of all this was shewn by him.
On that trial he sought to recover for wheat, rye and corn.
The defendant set up in defence, 1. That the contract as to
the wheat was different from the one relied on for the recove-
ry, and made with only one of the defeendants ; and 2. That
the plaintiff had not fulfilled his part of the contract.   The
plaintiff recovered a verdict, but whether for the wheat, rye or

corn cannot appear. It may have been for the latter articles, for if the jury had been with the defendants as to the wheat, for aught appearing, the plaintiff would still have been entitled to the verdict. The jury are not to be examined as to the grounds of their verdict. If the former suit had been brought for the sole purpose of recovering the value of the wheat upon the facts as they appear, the verdict for the plaintiff would have been conclusive upon the parties ; it must then necessarily have established the joint liability of the defendants, and the fulfilment of the contract by the plaintiff, and consequently, while those facts remained adjudged, there could be no pretence of claim for damages upon the same contract by the present plaintiff. The case would then have come directly within the principle which I have first above extracted from the case of *Jackson* v. *Wood*.

New trial granted ; costs to abide event.