ALBANY GENERAL TERM, July, 1848.   *Paige, Watson, and Parker*, Justices.

## McKNIGHT *vs.* DUNLOP.

A rule setting aside a judgment record, without being enrolled, or entered of record, is incompetent evidence to disprove the existence of a judgment.

*It seems* that a defendant, on a plea of non-detinet in replevin, will be entitled to a return, where the jury find that the plaintiff has no property in the goods replevied.

*It seems* that the doctrine of waiving the tort and bringing assumpsit, where goods have been tortiously taken, is confined to the case of a sale of the goods by the wrongdoer.

Wherever a defendant in a replevin suit is entitled, under the pleadings, to try the title to the property replevied, and, in case he succeeds, is entitled to a return of the goods, he is bound to try the title in such suit and take a judgment therein for a return, or the value of the goods, and he cannot forego such remedy and seek his redress in a cross-suit.

A party setting up a former recovery in bar of a second suit, must show that the subject matter of the second suit was directly in issue in the former suit, and that the verdict and judgment in that suit were directly upon the points attempted to be litigated in the second suit, and necessarily involved their consideration and determination by the jury.

Where a party enters into a special contract, which is entire, for the sale and delivery of property at a specified price, a full performance on his part is a condition precedent to his right of action against the vendee for the price of any part of the property delivered under the contract.

A former recovery in an action by the vendor against the vendee, for the price of a part of the property delivered under the contract, is a bar to a suit by the vendee against the vendor, for damages for the non-fulfilment of the contract.

Where a contract for the sale and delivery of property consists of several agreements independent of each other, and the vendor fulfils the agreement to be first performed, but violates all the others, whether, after he has violated the other agreements, he can recover the price of the property delivered under the first agreement? *Quære.*

Interest cannot be allowed on an unliquidated account for goods sold and delivered, where no time is fixed for payment, and where there is no agreement, express or implied, to pay interest.

ERROR to the mayor's court of the city of Albany.   Dunlop commenced an action of assumpsit against McKnight, in the court below.   He declared on the general counts for goods sold and delivered, and on the money counts.   McKnight

pleaded the general issue, and annexed a notice to his plea, stating, that he would give in evidence, on the trial, the commencement of a suit in replevin in the detinet by him, against Dunlop, for 3250 bushels of malt; that Dunlop pleaded non-detinet; that the sheriff replevied 1370 bushels of malt; that a trial was had in such suit and a verdict rendered therein in favor of Dunlop, and judgment entered thereon in his favor; and that such 1370 bushels of malt was a part of the plaintiff's demand in this suit. The cause was tried in March, 1846. On the trial the plaintiff claimed the price of 3107½ bushels of malt; that 1000 was delivered on the 11th of September, 1844; 737½ on the 27th of September, 1844; and 1370 on the 9th of October, 1844. Dunlop, the plaintiff, proved by Barber, his clerk, that in 1844, and up to the 11th of September of that year, the plaintiff delivered 1000 bushels of malt to the defendant; and on the 11th and 27th of September delivered 737½ bushels; and that on the 9th of October, 1844, the sheriff took from the plaintiff's malt-house 1370 bushels of malt, by virtue of a writ of replevin in favor of the defendant against the plaintiff. This witness stated, that he delivered to the defendant an account of the malt; that the defendant made no objection to the quantity; that the witness charged the defendant eighty cents a bushel for the malt; that that was about its value; that the plaintiff refused to deliver the defendant any more malt; that there was a dispute between the plaintiff and the defendant in relation to the violation of a contract in 1844, by which, as the defendant claimed, the plaintiff had agreed to deliver him the malt he had received and replevied and more besides; that the defendant sued the plaintiff for a violation of that contract; that witness was a witness on the trial of that suit; that the 1000 bushels and the 737½ bushels of malt claimed in this suit were a part of the malt which the defendant claimed on that trial had been delivered under a contract made between him and the plaintiff to deliver 5000 bushels of malt; that witness delivered the account before mentioned, the last of September or first part of October, but did not recollect whether it was before or after the defendant sued the plaintiff for not delivering

the malt; that it was after the plaintiff had refused to deliver the defendant any more malt; and that the defendant refused to give his note for the malt which had been delivered. The defendant gave in evidence, the record of the judgment in the suit commenced by him against the plaintiff for not delivering the malt according to contract; by which it appeared that he recovered $581,62 damages. This evidence was objected to by the plaintiff as incompetent. The defendant also gave in evidence, the record of the judgment in the replevin suit, by which it appeared that the plaintiff obtained a verdict therein and judgment thereon for a return of the 1370 bushels of malt. This evidence was also objected to by the plaintiff as incompetent. The defendant proved that the 1000 bushels and the 737½ bushels of malt for which the plaintiff sought to recover in this suit was the malt delivered under the alleged contract for the breach of which the defendant sued the plaintiff. The plaintiff gave in evidence a rule of the mayor's court setting aside the judgment record in the replevin suit. This evidence was objected to by the defendant as incompetent evidence to disprove the existence of the judgment; the vacatur never having been enrolled or entered of record. But the court admitted the rule as competent evidence. To which decision the defendant excepted. The plaintiff claimed to recover for the whole 3107½ bushels of malt, at 80 cents a bushel, with interest from the time of delivery, amounting to $2780,60. The defendant gave in evidence the writ of replevin issued in the replevin suit; by the sheriff's return on which, it appeared, that the sheriff replevied 1370 bushels of malt, and delivered the same to the plaintiff in that suit. The plaintiff offered to prove, that the malt for which the plaintiff seeks to recover in this suit, was delivered under a contract between the parties, whereby the plaintiff was to deliver to the defendant 5000 bushels of malt at such times as the defendant should desire; payment for the same to be made by the defendant's note at three months, whenever $1000 worth of the malt should be delivered. To this testimony, the defendant objected, and the court rejected the same, and the plaintiff excepted. The counsel for the defen-

McKnight *v.* Dunlop,

dant insisted, 1. That the action of indebitatus assumpsit could not be maintained against the defendant to recover the value of the goods taken by virtue of the writ of replevin; as the right of Dunlop, the defendant in the replevin suit, must be determined ·in that suit; and as the record showed he had obtained in that suit a judgment for a return of the 1370 bushels of malt, and that such judgment was a bar to any recovery for such malt, in this suit. 2. That the plaintiff was not entitled to recover for the other 1737½ bushels of malt, because that had been delivered by the plaintiff to the defendant in part performance of a contract, by which he had agreed to deliver 5000 bushels of malt, and the plaintiff had wilfully refused to deliver the residue of said malt, and had thus violated the contract on his part; and that the record of the recovery by the defendant against the plaintiff was conclusive evidence of such contract and of its violation by the plaintiff. 3. That if the plaintiff was entitled to recover, he was not entitled to interest. But the court decided that the plaintiff was entitled to recover for the whole 3107½ bushels of malt with the interest on the amount, as claimed by the plaintiff; and instructed the jury as matter of law (if they believed the facts about which there was no dispute,) that the plaintiff was entitled to a verdict for that amount; to which charge, and every part thereof, the defendant excepted. The jury rendered a verdict for the plaintiff of $2780,60.

*R. W. Peckham & N. Hill, Jun.* for the plaintiff in error.

*H. Harris,* for the defendant in error.

*By the Court,* PAIGE, J. The court below received in evidence a rule setting aside the judgment record filed in the replevin suit. This evidence was objected to by the defendant as incompetent evidence to disprove the existence of the judgment; the vacatur of the judgment not having been enrolled or entered of record. The objection to this evidence, I think, was well founded. The entry of a rule upon the minutes of a court cannot be received as evidence against a record. It is

as necessary to enrol and enter of record the vacatur of a judg-ment, as it is the rule for judgment.   It must be so enrolled, or entered of record, before it can be received as evidence to dis-prove a judgment duly entered of record.   (*Croswell* v. *Byrnes*, 9 *John.* 290.     *Waldron* v. *Green*, 4 *Wend.* 410.)   It was said on the argument that the judgment record, or rather the judg-ment in the replevin suit was not in issue, and only came in question collaterally, and that therefore the best evidence of the vacatur of which the nature of the case was susceptible, could be dispensed with.   But this suggestion is not authorized by the facts of the case.   The judgment in the replevin suit was directly in issue.   It was given in evidence as a bar to the plaintiff's recovery for the 1370 bushels of malt taken under the writ of replevin.   But if it merely came in question collat-erally, I apprehend that secondary evidence would have been inadmissible.   In relation to written instruments, although col-lateral to the issue, if their contents are sought after, the best evidence must be produced.   (2 *Cowen & Hill's Notes*, 1210, 11, 12.)   The entry on the minutes, of a rule for judgment, could not be received as evidence to support a plea, or defence of a former recovery.   If this be so, an entry of a rule vacating a judgment cannot be received to contradict the enrolment of the judgment, and thereby rebut such defence.   (9 *John.* 290.) If the plaintiff in the replevin suit neglected to enter the vaca-tur of record, the defendant could have done it, or at least on application to the court would have been permitted to do it. If the rule vacating the judgment in the replevin suit is out of the case, then that judgment is left standing in full force.. That judgment is a judgment in favor of the defendant Dun-lop for the return of the 1370 bushels of malt taken on the writ of replevin ; the value of which forms part of the recovery in this suit.   Upon the judgment in replevin, if not vacated, the defendant is entitled to a writ of return ; and if such writ is returned unsatisfied, Dunlop has an action on the replevin bond for the recovery of the value of the 1370 bushels of malt re-plevied.   (2 *R. S.* 524, § 7 ; 531, § 53 ; 532, § 64.)   The plain-tiff Dunlop ought not to have two recoveries for the same

identical claim. If the verdict in this suit is suffered to stand for the whole amount of $2780,60, he will recover the value of the 1370 bushels of malt in this suit, and will also be entitled to recover a like amount, the value of the identical 1370 bushels, on the replevin bond; a double recovery for one and the same demand. This cannot be allowed. The judgment in the replevin suit is a former recovery by Dunlop, for one of the causes of action in this suit, and is a good bar to such cause of action. This one cause of action (the 1370 bushels of malt,) was the same matter directly in question in the former suit, between the same parties. This former recovery, independent of the notice, was admissible in evidence under the general is-sue. (*Young* v. *Rummell*, 2 *Hill*, 480. *Jackson* v. *Wood*, 8 *Wend*. 35.) Although the former recovery was in replevin, it is equally a bar as if it had been in an action of assumpsit. (*Rice* v. *King*, 7 *John*. 20.)

If the judgment entered in the replevin suit has been set aside, I see no real difficulty to prevent Dunlop's recovery in that suit of the value of the 1370 bushels of malt. The verdict in his favor stands. And I take it for granted that upon that verdict he will be permitted, upon application to the court, to enter up a judgment for the return of the malt replevied. His plea of non-detinet put in issue the property of the plaintiff therein, as well as the detention. (2 *R. S.* 529, § 40.) This plea may be regarded as a substitute for a special plea of prop-erty in the defendant or a stranger, with a traverse of property in the plaintiff and a prayer for a return. (3 *Chit. Pl.* 1044, *Springf. ed. of* 1847.) Although it omits the prayer for a re-turn, I apprehend that this is only a matter of form. (*Id.*) A plea of property in the defendant, or in a stranger, entitles the defendant to a return, without an avowry. (*Harrison* v. *Mc-Intosh*, 1 *John*. 384. 3 *Wend*. 672. 12 *Id*. 30. *Bul. N. P.* 54. *Butcher* v. *Porter*, *Salk*. 94. 6 *Bac. Abr*. 73, *Replevin I.*) The verdict in this case must have been founded upon the ground that the property in the malt was in Dunlop; which finding manifestly entitled him to a return. (*Ingraham* v. *Hammond*, 1 *Hill*, 353.) In *Pierce* v. *Van Dyke*, (6 *Hill*,

616,) Bronson, J. intimates very distinctly that a defendant on a plea of non-detinet, will be entitled to a return where the jury find that the plaintiff has no property in the goods. On a plea of property, the issue to be tried is whether the goods were the property of the plaintiff. The replication can properly take issue alone upon that fact. The allegation that the property is in the defendant is called the inducement to the traverse. It is a substitute for an avowry to obtain a return of the property. (*Benson* v. *Beekman*, 3 *Wend.* 672, *in error per Chancellor Walworth. Rogers* v. *Arnold*, 12 *Id.* 34, 35.) But if Dunlop had not obtained judgment for a return of the malt, in the replevin suit, and was not entitled to such judgment, under the pleadings in that suit, I think he could not sustain assumpsit for the property replevied. The extent of the doctrine of waiving the tort and bringing assumpsit where goods have been tortiously taken, seems to be confined to the case of a sale of the goods by the wrongdoer, when doubtless the owner may waive the tort and have an action for money had and received for the proceeds. (*Putnam* v. *Wise*, 1 *Hill*, 240, *note (a.)* *Jones* v. *Hoare*, 5 *Pick.* 285. *Willet* v. *Willet*, 3 *Watts' Rep.* 277. *Lindon* v. *Hooper*, 1 *Cowp.* 419, *per Lord Mansfield. Lightly* v. *Clouston*, 1 *Taunt.* 113, *Mansfield, Ch. J. Abbott* v. *Barry*, 2 *Brod. & Bing.* 369. *Hill* v. *Persolt*, 3 *Taunt.* 274. *Longchamp* v. *Kenny*, 1 *Doug.* 137. 13 *Wend.* 154, 155, 156.) There is no proof, in this suit, of a sale of the malt by McKnight. The action, if any, which Dunlop was entitled to bring for the malt replevied by McKnight, was trover. He could not bring trespass, as the property was taken by virtue of legal process. But I apprehend that wherever a defendant in a replevin suit is entitled, under the pleadings, to try the title to the property, and in case he succeeds is entitled under such pleadings to a return of the goods, he is bound to try the title in such suit, and to take a judgment therein for a return or the value of the goods. (2 *R. S.* 531, § 55.) And he would not be permitted to forego the remedy at hand and to seek his redress in a cross-suit. (5 *Wend.* 71.) This is a salutary rule, and well calculated to do final and complete justice between

McKnight v. Dunlop.

the parties, most expeditiously, and with the least expense. (13 *John.* 302.)

McKnight objected, in the court below, that the record of his recovery against Dunlop in the suit for the violation by the latter, of the special contract for the sale and delivery of malt, was a bar to his recovery in this suit, for the 1737½ bushels of malt, which were delivered in part performance of such contract; insisting that such record of recovery was conclusive evidence of such contract, and of its violation by Dunlop. This objection rests upon the solution of the question whether such special contract was an entire contract, operating as a condition precedent, and as such necessary to be performed by Dunlop, before McKnight was liable to pay to him any part of the price of the malt; or whether the agreement of McKnight to pay for the malt by his note at three months, whenever $1000 worth of the same should be delivered, is to be considered as a distinct agreement as to each 1000 dollars worth, and as independent of and unconnected with the residue of the malt to be subsequently delivered. If the latter, then Dunlop having delivered, under, and in part fulfilment of the contract, more than $1000 worth of malt, might be entitled to recover that sum from McKnight, although he violated the contract in failing to deliver the residue of the 5000 bushels of malt. The defendant, to succeed with his objection, must show, independently of the record, that the contract was entire, and that it was violated by the plaintiff; or that that question was directly in issue in his suit against the plaintiff for a violation of the contract, and that it came in question in that suit, and that the verdict therein necessarily involved its consideration and determination by the jury. It seems to me that the proof on these points is defective. There is no evidence in the case, aside from the record, of the terms of the contract. The plaintiff offered such evidence, but it was ruled out on the defendant's objection. The plaintiff's witness, Barber, merely states that there was a dispute between the plaintiff and defendant in relation to the violation of a contract for the delivery of malt; that the defendant sued the plaintiff for the violation

of that contract; that the 1737½ bushels of malt claimed in this suit was a part of the malt which the defendant claimed, on the trial of that suit, had been delivered under a contract for the delivery of 5000 bushels of malt. Barber stated that he did not know of any contract between the parties. This evidence does not show that the question as to the entirety of the contract was considered and determined in that suit. Non constat, it may have been treated as a contract consisting of several agreements independent of each other, and that the claim may have been confined to damages for a failure to deliver the residue of the 5000 bushels of malt remaining un-delivered. The onus of the proof that the subject matter of this suit was directly in issue in the former suit, and that the verdict and judgment in that were directly upon the points attempted to be litigated here, and necessarily involved the rights of the parties upon this special contract, lay upon the defendant. (*Lawrence* v. *Hunt*, 10 *Wend.* 84.) Where it does not appear from the record that the verdict and judgment in the former suit were directly upon the point or matters which are attempted to be litigated in the second action, the fact may be shown *aliunde*, provided the pleadings in the first suit were such as to justify the evidence of those matters, and that the verdict and judgment in such suit necessarily involved their consideration and determination by the jury. (*Lawrence* v. *Hunt*, 10 *Wend.* 84. *Wood* v. *Jackson*, 8 *id.* 35. *Young* v. *Rummell*, 2 *Hill*, 481.) The principle has been repeatedly recognized by the courts of this state, that where a party enters into a special contract which is entire, for the sale and delivery of property at a specified price, a full performance on his part is a condition precedent to his right of action against the ven-dee for the price of any part of the property delivered under the contract. (*McMillan* v. *Van Derlip*, 12 *John.* 165. *Jennings* v. *Camp*, 13 *Id.* 94. *Ketcham* v. *Evertson*, *Id.* 359. *Champlin* v. *Rowley*, 13 *Wend.* 288; *S. C.* 18 *Id.* 187. *Stephens* v. *Beard*, 4 *Id.* 606.) In *Lawrence* v. *Hunt*, (10 *Wend.* 80,) it was held by Justice Nelson, in an action by a vendee against the vendor for damages for the non-fulfilment of a contract to

deliver property, that a former recovery, in an action by the vendor against the vendee for the price of a part of the property delivered under the contract, was a bar to the suit for damages. He put his decision upon the ground that the same subject matter was directly in question in both suits; viz. the fulfilment of the contract.

If the terms of the special contract were, as offered to be proved by the plaintiff on the trial, the question would arise (the former suit being out of the question) whether Dunlop could, in an action against McKnight, recover for the first 1000 dollars worth of malt delivered under the contract, notwithstanding his subsequent violation of the contract by failing to deliver the residue of the 5000 bushels. He clearly could not recover the price of the residue of the 1737½ bushels, the same not amounting to 1000 dollars worth. According to the special contract, as offered to be proved, the payment for the malt was to be made by the defendant's note at three months, whenever 1000 dollars worth should be delivered. As soon as 1000 dollars worth of malt was delivered, the plaintiff could have called upon the defendant for his note for the same. If the defendant refused to give the note, the plaintiff could have immediately sustained an action against him for a violation of the contract. And if the defendant had given his note at three months, when it became due, the plaintiff could doubtless have enforced its payment by suit. But the defendant in such suit for a violation of the contract could have recouped his damages sustained by the plaintiff's non-fulfilment of the contract. (*Reab* v. *McAllister*, 8 *Wend.* 116, 117, *per Chan. Walworth.*) Whether the plaintiff, after waiting until the time for the delivery of the malt had expired, and until after he had violated the contract on his part, by a failure to deliver the whole 5000 bushels, could commence a suit and recover the price of the first 1000 dollars worth of malt delivered, is questionable. *Johnson* v. *Wygant*, (11 *Wend.* 48,) seems to be against such recovery. In that case the defendant covenanted to pay the plaintiff, for land, $158, in three equal annual payments from date, and upon the payment thereof the defendant was to receive a good warranty deed for the land.

McKnight v. Dunlop.

The plaintiff waited until the last instalment fell due and then commenced a suit for the recovery of the three instalments. On demurrer to the declaration it was held that the plaintiff was bound to aver in his declaration an actual tender of the deed; and that he was bound to declare precisely as though the action had been brought for the last instalment; or as though the whole purchase money had, by the terms of the covenant, been then payable.

Covenants are to be construed to be dependent or independent, according to the intention and the meaning of the parties, and the good sense of the case. (*Pordage* v. *Cole*, 1 *Saund. Rep.* 320, *note* 4. 1 *Wend.* 328.) "Their precedency" said Lord Mansfield "must depend on the order of time in which the intent of the transaction requires their performance." (10 *John.* 205.) If a day be appointed for the payment of money, or part of it, and the day is to happen or may happen before the thing which is the consideration of the money is to be performed, an action may be brought for the money before performance; and so it is where no time is fixed for performance of that which is the consideration of the money. (*Pordage* v. *Cole*, 1 *Saund. Rep.* 320, *note* 4.) But if a day is appointed for the payment of the money, and the day is to happen after the thing which is the consideration of the money, is to be performed, no action can be maintained for the money, before performance. (1 *Saund. Rep.* 320, *note* 4. 4 *Wend.* 377.) In the present case it may be contended that the payment for the first 1000 dollars worth of malt delivered was to be made before the delivery of the residue of the malt, and that therefore the agreement to pay for this 1000 dollars worth was independent of, and unconnected with, the agreements to deliver and pay for the residue. In *Cunningham* v. *Morrell*, (10 *John.* 203,) where the plaintiff had agreed to complete a certain road on or before the 20th of October, 1810; and the defendant had agreed to pay him for completing the whole work, $6000, to be paid in instalments as the work progressed, it was held that the plaintiff might recover a ratable part of the money, upon showing a ratable performance. But I do not think the ques-

tion fairly arises, whether the special contract for the sale and delivery of the 5000 bushels of malt was an entire contract or not; or whether the plaintiff has a right to recover for the first 1000 dollars worth of malt delivered; and I shall therefore not express a definite opinion upon that question.

I think the court below erred in instructing the jury to allow the plaintiff interest. The evidence does not show that the malt was sold to the defendant for any fixed stipulated price. Barber does not testify that the account delivered by him to the defendant stated the price charged for the malt. He is particular to say that the defendant made no objection to the quantity stated in the account. But he does not state that the defendant assented to the charge of 80 cents a bushel, the sum claimed and recovered on the trial. This evidence does not make out a liquidation of the account. There was no evidence of an acquiescence in the account, from which a liquidation could be implied. When the defendant was applied to for a note, he refused to give it. And there was no evidence of an agreement, express or implied, to pay interest. Interest cannot be allowed on an unliquidated account for goods sold and delivered, where no time is fixed for payment, and where there is no agreement, express or implied, to pay interest. (6 *Cowen*, 195. 3 *Id.* 393. 20 *Wend.* 52.)

The judgment must be reversed, with costs, and a venire de novo issued, returnable in the mayor's court of the city of Albany.

