## MICHAEL O'CONNOR *v.* JAMES BAGLEY.

A judgment for the defendants in an action on contract against two who are sought to be charged as joint contractors or co-partners, and in which the joint liability is denied, is no bar to an action by the same plaintiff, on the same contract, against one of the former defendants, in which he is charged as sole contractor.

If the judgment in the first action was rendered upon a plea of payment, or other defence, which when established would be equally a defence in the second suit; then such judgment is conclusive against the plaintiff.

ACTION to recover the price upon a sale and delivery of coal. The defendant answered by pleading in effect the general issue, and a judgment rendered against the plaintiff in a former suit for the same cause of action, against this defendant and one Samuel Pim, as co-partners and joint debtors.

Judgment was entered for the plaintiff. The defendant appealed.

*Stephen B. Brophy*, for the defendant.

*Jacob I. Radcliffe* and *David P. Whedon*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—The judgment in the former suit was as against the plaintiff conclusive as to every fact which was put in issue, tried and determined, and as to none other (see 6 Paige, 40) except as to the fact itself that such a suit was brought and decided ; and it was thus conclusive for and against all parties thereto and their privies as to such facts. (*St. John* v. *St. John's Church,* 15 Barb. 346.) And the general rule laid down in *Embury* v. *Connor,* 3 Comst. 522, is too well settled to admit of discussion.

What then was established by the judgment in the former action ?

*Simply*, that James Bagley and Samuel Pim were not jointly liable to the plaintiff for coal sold and delivered by him to them. That was the issue made by the answer of Bagley in

that action ; and in my opinion the failure of a plaintiff to reco-
ver against two, upon an allegation that they are jointly liable,
is not *primâ facie* a bar to an action against one of them sepa-
rately. It no doubt might be made evidence when the lia-
bility, if it existed at all, was conceded to be joint, and the
judgment was made to turn upon the same question raised in
the second suit. But this the defendant should have proved if
he relied upon the former judgment. He not only did not do
so, but the plaintiff proved that the question litigated was the
question of partnership only. *Lawrence* v. *Hunt,* 10 Wend. 83,
sustains this view. I think there was no error below, and that
the judgment should be affirmed.

Judgment affirmed.