Comstock, J.
The first question is, whether a defendant, along with other defences, may set up in his answer the nonjoinder of other parties who ought to have been sued with him. Under the former practice, the non-joinder of defendants could be pleaded only in abatement, and could not be *469 joined with a plea in bar; but under the Code there is no classification of answers or defences corresponding with the distinction between pleas in abatement and in bar. That distinction is entirely gone with the system to which it belonged. The defendant now answers but once, and he may set forth as many defences as he thinks he has, but must state them separately. (Code, § 150.) Among these is that of non-joinder, where it does not appear on the face of the complaint. (§ 147.) This is to be tried like any other defence, and its effect upon the suit is the same. A record showing that such a defence has been pleaded and tried will not be a bar in another action between the proper parties, unless it be made to appear that the plaintiff was defeated on the merits of the controversy. But in the pending suit the meaning of the Code plainly is that it may be pleaded and tried as other defences are.
The witifess Griffith, by whose testimony the defence of non-joinder was established, was competent for that purpose. He was one of the seven persons named in the answer as jointly liable with the defendant, and who ought also to have been sued, but he was not a party on the record, or a “ person for whose immediate benefit” the suit was defended. (Code, § 399.) In fact, I do not see that he was interested at all in making out the defence to which he was called. If that defence failed, then the plaintiff might, it is true, recover; but it is very clear that the judgment would not be evidence of liability in an action by the defendant against the witness for contribution. If, on the other hand, the defence succeeded, the only effect would be to turn the plaintiff over to a new suit against all the parties, including the witness, with a sworn admission on his part, and perhaps a record also, proving conclusively that he was one of the persons liable for the demand in question.
The judgment record in a former suit, which the plaintiff introduced in evidence, was not an estoppel which prevented the defendant from setting up that himself and the other *470 seven persons were the proper parties to be sued. On the trial of this suit, the evidence of Griffith, already referred to, was, that the services in question were rendered for the owners of the propeller Delaware, who w.ere the defendant, the witness, and the other six named in the answer. The record introduced showed that six of the eight had brought a suit against the plaintiff for money lent and advanced. In their complaint, contained in the record, it was averred that they, the six, were the joint owners of the Delaware, and as such lent the money for which they brought that suit. That was a statement undoubtedly inconsistent with the claim of the defendant in the present case, that there were two additional owners, making in all eight, jointly liable for the services now in question. But it was a statement only, which, although made or concurred in by the present defendant, he was nevertheless at liberty to disprove, and he did disprove it, as the referee in his report has found. As a mere statement or allegation, it had no greater effect than any other mere admission or assertion of a party respecting a material fact. As an admission, it was evidence,but not conclusive. In the judgment there was no determination of the fact. On the contrary, it simply shows that the six plaintiffs failed in their action, and that the defendant recovered his costs. That cause was tried by a referee, and his report, on which the judgment was entered, finds, it is true, that the plaintiffs hired the defendant, as their servant, to perform services in saving the wreck of the propeller Phoenix, and that the money in question was advanced by them to him to be expended on their account in saving the wreck and goods on board. Upon these facts the referee reported that there was nothing due to the plaintiffs; but the finding of these facts and the conclusion of the referee involved no adjudication of the matter now in dispute. It is quite evident that the turning point of the decision was the fact that the money sued for, instead of being lent to the defendant, had been advanced to him as an agent or sei *471 vant, to be expended in that character. The action failed on that ground, and the judgment determined nothing else. To this conclusion it was not material to know whether the owners of the propeller Delaware were six, eight or any other number of persons.
I am not aware of any rule of examination which excluded the inquiry put to the witness Griffith, “ On the part and behalf and for whom ” were the services rendered ? The question did not call for an opinion, and therefore was not open to objection on that ground. The fact which it called for may have been a conclusion deducible from other special facts, but this could not well appear until the question was answered and the examination then pushed somewhat further. After the inquiry was answered the plaintiff had a right, if he pleased, to cross-examine, and it might.thus have appeared that the fact stated by the wituess was a mere deduction of his own mind from the special circumstances of the transaction. But this course was not taken; and on the face of the question I think the answer called for belonged to a class of facts to which a witness may be allowed to speak directly.
The judgment should be affirmed.
Hubbard, J.
The plaintiff’s counsel contends that the referee erred in giving to the defendant the benefit of the plea in abatement, insisting that the matter in abatement was waived by uniting it with a general answer upon the merits. This question of pleading is not properly presented for consideration. The point was not taken on the trial, nor was any exception taken to the finding of the referee or to the fact embraced in the plea. The cause seems to have been tried on the theory of the dilatory issue being properly in the case, and it was in fact adjudicated. It is too late to raise the question for the first time on appeal, when, if the objection had been interposed on the *472 trial, the party might, if necessary, have sought an amendment by withdrawing the answer upon the merits.
In this view of the case, it will not be necessary to determine whether matters in abatement can, under the Code, be coupled with a plea to the merits of the action, without a waiver of the former, as under the former system of pleading.
The witness Griffith was competent for the defendant, although one of the seven joint debtors who should have been made defendants. He had no immediate interest in the event of the action, which would exclude him under § 399 of the Code. He had not, in fact, any interest, so far as the abatement of the action was concerned, which could be immediately or remotely affected by the result of the litigation. If the action abated by reason of the nonjoinder of parties defendants, the judgment would form no bar to a new suit against the proper parties, including the witness; and if the plaintiff succeeded in the action, the liability of the witness on account of the work and labor in question would not altogether cease: he would still be bound to contribute his proportion as a co-partner of the defendant.
On the trial the defendant’s counsel asked the witness Griffith this question: “ On the part and behalf and for whom did Tuttle (the defendant) do what he did that fall in relation to the wreck of the Phoenix?” The plaintiff objected to the question, first, that it did not appear what was done ; and second, that the question asks for the legal effect of what Tuttle did. The substance of the whole objection was, that the question called for the statement of the legal conclusion of the witness and not the facts themselves. The objection was properly overruled. It is a general rule that witnesses must be confined to the communication of facts, and not opinions or conclusions drawn by them from facts, whether such facts are known to them or derived from the testimony of others. (Morehouse v. Matthews, 2 *473 Comst., 514) But the question in this case does not conflict with this rule. It called not for an opinion or conclusion, but for a primary fact presumed to be within the knowledge of the witness, the same as an inquiry as to who compose the members of a copartnership. It is a common practice on trials to prove the fact of hiring or an employment by a direct question; the means or grounds of knowlege, as it respects credibility, are left to be tested by cross-examination.
The counsel for the plaintiff contended, on the argument, that the defendant should be estopped by the record in the former suit from alleging that the eight persons named in the answer were the joint owners of the vessel, and for whom the labor in question was done. In my opinion there is no basis for the estoppel. In the first place, the record in the former suit was not pleaded by way of estoppel, but in bar of the claim of set-off. As such bar it was properly pleaded and properly given in evidence, although the two suits are between different parties. (Lawrence v. Hunt, 10 Wend., 80.) But the conclusive answer to the position is that the doctrine of estoppel by record cannot apply to the case, for the reason that there was no adjudication in the former suit that the six persons who were plaintiffs were the only joint owners of the propeller Delaware, and as such employed the plaintiff* to save the wreck of the Phoenix. There was no issue upon the right of the qdaintiffs to maintain the action, or upon the question whether other parties than those named in the answer in this case should not have been made co-plaintiffs. It is not necessary, therefore, to discuss the question as to the effect of an express adjudication upon the point, if it had been made in the former action.
The judgment must be affirmed.
Selden, A. S. Johnson, T. A. Johnson and Mitchell, Js., concurred in tire opinion delivered by Comstock, J.
*474 Denio, Ch. J., and Hubbard, J., dissented from the portion of it holding that pleas in abatement and in bar could be united in the same answer. Wright, J., was not present.
Judgment affirmed.