The plaintiff's counsel contends that the referee erred in giving to the defendant the benefit of the plea in abatement, insisting that the matter in abatement was waived by uniting it with a general answer upon the merits. This question of pleading is not properly presented for consideration. The point was not taken on the trial, nor was any exception taken to the finding of the referee or to the fact embraced in the plea. The cause seems to have been tried on the theory of the dilatory issue being properly in the case, and it was in fact adjudicated. It is too late to raise the question for the first time on appeal, when, if the objection had been interposed on the *Page 472 
trial, the party might, if necessary, have sought an amendment by withdrawing the answer upon the merits.
In this view of the case, it will not be necessary to determine whether matters in abatement can, under the Code, be coupled with a plea to the merits of the action, without a waiver of the former, as under the former system of pleading.
The witness Griffith was competent for the defendant, although one of the seven joint debtors who should have been made defendants. He had no immediate interest in the event of the action, which would exclude him under § 399 of the Code. He had not, in fact, any interest, so far as the abatement of the action was concerned, which could be immediately or remotely affected by the result of the litigation. If the action abated by reason of the non-joinder of parties defendants, the judgment would form no bar to a new suit against the proper parties, including the witness; and if the plaintiff succeeded in the action, the liability of the witness on account of the work and labor in question would not altogether cease: he would still be bound to contribute his proportion as a co-partner of the defendant.
On the trial the defendant's counsel asked the witness Griffith this question: "On the part and behalf and for whom did Tuttle (the defendant) do what he did that fall in relation to the wreck of the Phœnix?" The plaintiff objected to the question, first, that it did not appear what was done; and second, that the question asks for the legal effect of what Tuttle did. The substance of the whole objection was, that the question called for the statement of the legal conclusion of the witness and not the facts themselves. The objection was properly overruled. It is a general rule that witnesses must be confined to the communication of facts, and not opinions or conclusions drawn by them from facts, whether such facts are known to them or derived from the testimony of others. (Morchouse v. Matthews, 2 *Page 473 Comst., 514.) But the question in this case does not conflict with this rule. It called not for an opinion or conclusion, but for a primary fact presumed to be within the know ledge of the witness, the same as an inquiry as to who compose the members of a copartnership. It is a common practice on trials to prove the fact of hiring or an employment by a direct question; the means or grounds of knowledge, as it respects credibility, are left to be tested by cross-examination.
The counsel for the plaintiff contended, on the argument, that the defendant should be estopped by the record in the former suit from alleging that the eight persons named in the answer were the joint owners of the vessel, and for whom the labor in question was done. In my opinion there is no basis for the estoppel. In the first place, the record in the former suit was not pleaded by way of estoppel, but in bar of the claim of set-off. As such bar it was properly pleaded and properly given in evidence, although the two suits are between different parties. (Lawrence v.Hunt, 10 Wend., 80.) But the conclusive answer to the position is that the doctrine of estoppel by record cannot apply to the case, for the reason that there was no adjudication in the former suit that the six persons who were plaintiffs were the only joint owners of the propeller Delaware, and as such employed the plaintiff to save the wreck of the Phœnix. There was no issue upon the right of the plaintiffs to maintain the action, or upon the question whether other parties than those named in the answer in this case should not have been made co-plaintiffs. It is not necessary, therefore, to discuss the question as to the effect of an express adjudication upon the point, if it had been made in the former action.
The judgment must be affirmed.
SELDEN, A.S. JOHNSON, T.A. JOHNSON and MITCHELL, Js., concurred in the opinion delivered by COMSTOCK, J. *Page 474 
DENIO, Ch. J., and HUBBARD, J., dissented from the portion of it holding that pleas in abatement and in bar could be united in the same answer. WRIGHT, J., was not present.
Judgment affirmed.