<hr/>

## SUPREME COURT.

### JAMES HILLS agt. ETHAN STILLMAN.

Where a plaintiff claims to recover the *contract price* of an article, and by the contract he is bound to make the article in a *good workmanlike manner*, in order to make out his cause of action, he must show that he has thus performed the contract. Because, he cannot legally show what the price is without proving the contract and putting it in evidence; and then he is bound to show performance on his part.

Therefore, the defendant does not, by selling the contract to a third person, part with his right to show, when sued for the contract price, that the article is not such as the contract bound the plaintiff to make for him. And this defence may be interposed, although the plaintiff sues as the assignee of his co-partner, who were the original parties to the contract.

Where the evidence sustains such defence, it is not necessary that the court should pass upon the question, that the *acceptance* of the article by the defendant estops him from claiming that it was not made in a good workmanlike manner.

Where it appeared that the plaintiff and his co-partner entered into a written agreement with the defendant, to manufacture 20,000 forks in a certain manner, the defendant to furnish the material and pay a certain sum for the labor; and at the same time it was agreed between the parties that 1,500 forks then made, which the plaintiff and his co-partner had on hand, should apply and be received by the defendant on the written contract, and the defendant should pay a certain sum for the steel from which said 1,500 forks were made,

*Held,* that the agreement by the defendant to pay for the steel for the 1,500 forks was not a separate and independent agreement, but was part of his agreement to receive the said 1,500 forks upon the written contract, and so connected with the latter that the advances that were made by the defendant generally upon the written contract should be deemed payments for the steel until it was paid for.

*Otsego General Term, July,* 1859.

*Present,* MASON, BALCOM *and* CAMPBELL, *Justices.*

APPEAL by defendant from a judgment entered against him upon the report of a referee.

Hills & Dennison, on the 7th of July, 1853, made a contract with defendant, to make for defendant 20,000 forks, one-half two-tined, and the other half three-tined forks, *to be made in a good workmanlike manner.* Defendant to furnish the material and pay for such labor $1,500. At the same time the written contract was made, H. & D. had on hand about 1,500 forks, and the parties agreed then that the 1,500 should apply on the contract and defendant pay for the steel. H. & D. delivered 16,000 of said forks, and defendant furnished the steel. The parties finally agreed that H. & D. need not construct the ballance of said forks, and defendant need not furnish the steel for the balance. The defendant, from time to time, paid $1,128.71 upon said contract. Dennison sold out his interest to the plaintiff Hills, before suit.

The referee found the following facts from the evidence:

" I. That on the 7th day of July, 1853, the plaintiff and one Welcome Dennison made and entered into, with the defendant, the within agreement, a copy of which is set forth in the complaint in this action; that, under and in pursuance of said agreement, the said plaintiff and Welcome Dennison made and constructed 16,000 forks, and found the ferules for the same; that said forks were from time to time, prior to the first day of May, 1854, delivered to defendant, and that this defendant furnished the steel for said forks, in accordance with said contract, except as hereinafter stated.

II. That, in the fore-part of the month of April, the parties to said written agreement mutually agreed and concluded that said plaintiff and Welcome Dennison, on their part, need not make and construct the balance of said forks or grind the ferules therefor, specified by said written agreement, and that the defendant need not furnish the steel for said balance.

III. That the defendant from time to time, and prior to the commencement of this action, paid to plaintiff and said Wel-

come Dennison, upon said contract, the sum of $1,128.71, and that said payments were made generally upon said contract.

IV. That on the 7th day of July, 1853, at the time the within contract was made, the plaintiff and said Dennison had on hand, already constructed, about 1,500 forks, and it was then agreed by said plaintiff and Dennison, with defendant, that said defendant should receive said 1,500 forks, and apply them upon said contract, and it was then and there agreed by said defendant to pay said plaintiff and Dennison the sum of $176.14, for the steel from which the said 1,500 forks were made; and that said 1,500 forks were delivered by said plaintiff and Dennison to and received by defendant; that said agreement to pay for said steel was separate from, and independent of, the written contract to construct said forks.

V. That Welcome Dennison, for a valuable consideration, and prior to the commencement of this action, to wit: at the date of said assignment to plaintiff, sold, assigned and transferred unto the plaintiff all his right of action arising under and out of said contract, in favor of said plaintiff and Welcome Dennison, and against defendant, and also that said Dennison, for a valuable consideration, and before the commencement of the suit, sold and assigned unto plaintiff all his right, title and interest in the claim of $176.14 for said steel furnished by plaintiff and Dennison.

VI. That the forks constructed by plaintiff and Dennison, under said contract, and also those delivered, which were already made when said contract was entered into, were not made in a workmanlike manner, but were wrongly and defectively made and constructed, and that said forks were not made according to said contract, but were made in an unworkmanlike and defective manner, and that the damage to defendant, arising from such wrong and defective construction, was $300.

VII. That the defendant, prior to the commencement of this action, and before all the forks that were made and delivered were delivered, sold his interest in the contract, to Noyes Stillman & Co.

From said facts, the said referee found conclusions of law—

1st. That the plaintiff is entitled to recover of the defendant the sum of one hundred and seventy-six dollars and fourteen cents, for the steel furnished by the plaintiff and Welcome Dennison, in manufacturing the first 1,500 forks, $176.14; that the plaintiff is entitled to interest upon said sum from first day of May, 1854, to the date of this report, four years one month and fifteen days, $50.00.

2d. That the plaintiff is entitled to recover of defendant a balance for manufacturing sixteen thousand forks, and grinding the ferules for the same, at the rate of $7\frac{1}{2}$ cents each, after deducting the sum of eleven hundred and twenty-eight dollars and seventy-one cents, paid by the defendant, which balance is seventy-one dollars and ninety-nine cents."

The defendant excepts to that part of the referee's report which finds that the plaintiff and Welcome Dennison made and constructed 16,000 forks, and found the ferules for the same.

2d. The defendant excepts to that part of the report which finds that the defendant only paid $1,128.71, to plaintiff and said Dennison.

3d. The defendant excepts to each and every part of the 4th clause of said report, and particularly to that part of said clause which finds that said agreement to pay for said steel was separate from and independent of the written contract to construct said forks.

4th. The defendant also excepts to the 5th clause of said report and every part of the same.

5th. The defendant excepts to that part of said report which finds that the defendant, prior to the commencement of this action, and before all the forks were made and delivered, sold his interest in the said contract to Noyes Stillman & Co.

6th. The defendant excepts to that part of the report which finds that the plaintiff is entitled to recover of the defendant the sum of one hundred and seventy-six dollars and fourteen cents, for the steel furnished by plaintiff and said Dennison, in manufacturing the first 1,500 forks, of $176.14. Also, to that

part which finds that plaintiff is entitled to recover interest upon said sum from May 1, 1854, to the date of said report, four years one month and fifteen days, $50.00.

7th. The defendant further excepts to that part of the report which finds that the plaintiff is entitled to recover of defendant a balance for manufacturing 16,000 forks, and grinding the ferules for the same at the rate of 7½ cents each, after deducting the sum of $1,128.71, which balance is $71.99.

8th. And the defendant excepts to that part of said report which directs judgment to be entered for plaintiff against defendant for $297.46, with costs of this action.

9th. The defendant insists that the referee having found that the forks were not made according to contract and that defendant's damage was more than the plaintiff claim, that upon said facts judgment should have been given for defendant, and defendant excepts to the referee's decision that the defendant cannot be allowed his damage, because he had sold out to Noyes Stillman & Co.

A. N. SHELDON, *for plaintiff.*
GOODWIN & MITCHELL, *for defendant.*

By the court—BALCOM, Justice. The forks were to be made in a good workmanlike manner, and the referee had found they were not so made. The contract, therefore, was not so performed by the plaintiff and his partner as to enable the plaintiff, as entire owner of the demand for the forks, to recover the contract price therefor, as he might have done, if the contract had been fully performed by the plaintiff and his partner. (*Clark* agt. *Fairchild*, 22 *Wend.* 576; *Farron* agt. *Sherwood*, 17 *N. Y. Rep.* 227.)

Assuming that the acceptance of the forks by the defendant did not estop him from showing they were not made in a good workmanlike manner, he was only liable to pay their value as they were made, not the contract price for them as they should have been made. And, upon a general finding for the plaintiff, that the contract price was due him for the forks, I

Hills agt. Stillman.

cannot see why the record would not estop the defendant, and also his assignee of the contract, from afterwards recovering damages of the plaintiff and his partner, on the ground that the forks were not made in a workmanlike manner. (*Lawrence* agt. *Hunt*, 10 *Wend.* 80; *Miller* agt. *Maurice*, 6 *Hill*, 114; *Davis* agt. *Talcot*, 2 *Kernan*, 184; *Rogers* agt. *Haines*, 3 *Greenl.* 363.) The case is much stronger for the defendant than it would be if the plaintiff and his partner had sold the forks to the defendant for a certain price, with a warranty that they were made of a particular kind of steel, and the defence was, that they were not made of that kind of steel, but of another and less valuable kind; for, in such case, the plaintiff would not have been obliged to prove, in the first place, that there was no breach of the warranty, to enable him to recover the contract price. Whereas, in the case as it is, he was obliged to establish that the forks were made in a good workmanlike manner, to entitle him to the contract price; for he could not legally show what that price was without proving the contract and putting it in evidence; and when he did that, he was bound to show he and his partner had performed the contract, to make out his cause of action for such price. It seems to me, therefore, that the defendant did not, by selling the contract for the forks to Noyes Stillman & Co., part with his right to show, when sued for the price of the forks, that they were not such as the contract bound the plaintiff and his partner to make-for him.

My conclusion on this branch of the case is, that the plaintiff was only entitled to recover the value of the forks as they were made. For, as the case is situated, I think we ought not to pass upon the question raised by the plaintiff's counsel, that the acceptance of the forks by the defendant estops him from claiming they were not made in a good workmanlike manner. (*See* 20 *Wend.* 61.)

The promise of the defendant to pay for the steel in question was part of his agreement to receive the first fifteen hundred forks upon the contract, that were manufactured when the same was made, and was so connected with it that the

advances that were made by the defendant generally upon the contract should be deemed to have been made in payment for the steel, until it was paid for, as the price he agreed to pay for the steel was then due the plaintiff and his partner, and that for the forks did not, by the terms of the contract, become due until all the forks were made. It therefore follows that the referee should have held that the steel was paid for, because such advances exceeded the price of it.

For the foregoing reasons, the judgment in the action should be reversed, and a new trial granted, costs to abide the event.

Decision accordingly.