### PHILIP L. FRANTZ v. WILLIAM IRELAND.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1871.)

A judgment roll, which states a verdict for the defendant, and judgment thereon for him, is conclusive as to how the fact was, although it is shown that at the same term at which the trial is stated to have occurred, an order nonsuiting the plaintiff and giving the defendant judgment thereon, was entered in the action.

On a question of title to land, a former judgment may be used as an estoppel, although no land whatever be described in the record, on its being shown by parol that the title to the same land involved in the existing controversy was material, and in fact investigated and determined, in the former action.

THIS is a bill of exceptions taken by the plaintiff at the Seneca Circuit ordered to be heard at the General Term in the first instance. The facts appear in the opinion of the court.

*George F. Danforth,* for the plaintiff.

*C. H. Weed,* for the defendant.

Present — MULLIN, P. J. and TALCOTT, J.

By the Court — TALCOTT, J. This is an action for entering upon a certain piece of land, part of military lot, No. 28, in

Frantz *v.* Ireland.

the town of Fayette, county of Seneca, particularly described by metes and bounds in the complaint, and cutting and carrying away timber therefrom. The defendant by his answer sets up title to the *locus in quo.* On the trial, the plaintiff for the purpose of showing his title to the premises upon which the trespass was alleged to have been committed, gave in evidence the record of a verdict and judgment in an action of ejectment, commenced by a predecessor in title of the defendant against a predecessor in title of the plaintiff, and in which a verdict and judgment had been rendered in favor of the plaintiff's predecessor.

The parties to this suit are privies in estate with the parties to the former action ; and the former judgment, unless there is some difficulty in the record itself, is expressly, by statute, made conclusive as to the title established in such former action (2 R. S., 309, § 36.) Two objections were made to the admissibility of the record as evidence of title to the *locus in quo,* in this case. One, that there appeared to have been entered in the office of the clerk of Seneca county, at the same circuit at which the judgment showed that the cause had been tried, an order that the plaintiff be nonsuited and that judgment be entered for the defendant. What explanation there was of this order, or when and under what circumstances it was entered, do not, from the case, clearly appear. It was probably an entry by the clerk in his minutes, and most likely his mistake.

The judgment roll, however, states a verdict for the defendant, and a judgment for the defendant thereon. And this must be conclusive as to how the fact was, until set aside.

The more serious question is that growing out of the vagueness of the description in the record of the former recovery. The real controversy between the parties is as to the location of a boundary line, which constitutes the east line of the plaintiff's and the west line of the defendant's farm, both being in said lot No. 28.

The complaint in the former action, so far as it purports to give any description of the premises to recover which the action was brought, is as follows:

The plaintiff "states that the plaintiff and defendant each own a farm on lot No. 28, in the town of Fayette, county of Seneca, and State of New York; that their said farms join each other; that a line running north and south divides their respective farms; plaintiff's farm lies on the east side of, and adjoins, said line, and is his west bounds; defendant's farm lies on the west side of, and adjoins, said line, and is his east bounds; that the defendant has, by trespass, wrongfully taken possession of, and claims, a narrow strip or piece of plaintiff's said farm, which adjoins the defendant's said farm on this dividing line, the whole distance of which his, the defendant's said east line, which is the plaintiff's west line. This narrow strip of land, so wrongfully taken, is supposed to be of the quantity of about five acres, more or less."

Of course, this description is very far from being a compliance with the statute, besides being, as to parts of it, unintelligible. Nevertheless, it appears that the premises sought to be recovered were a part of lot 28, in Fayette, and consisted of a strip of land lying along the boundary line between the plaintiff and defendant for the whole length thereof, and which the plaintiff in the action claimed was on the east side of the line, and containing about five acres.

How the sheriff could have delivered possession, in case the plaintiff had recovered in that action, unaided except by his writ of *habere facias*, is not clear. But, as the defendant recovered, such a question was not presented; and it was in order that the sheriff might be enabled to deliver possession that the statute provided for a form of description, as it declares, "so that, from such description, possession of the premises claimed may be delivered." On the trial of this action, the objection was taken that the description in the complaint in the former action was so uncertain that the premises could not be identified. The plaintiff offered to show, by parol, "that the land which was in controversy, in the former action referred to,

was the land upon which the trees that were cut stood." He also offered to show, by the same species of evidence, " that, upon the former trial, the land in controversy was a narrow strip, three chains wide and thirty chains long, and that, upon the same land, the trees in question in this action stood." Both these offers were overruled, and the plaintiff excepted. It is manifest from the other evidence that the alleged trespass sued for in this action occurred upon a strip of land lying along and adjacent to the east line of the plaintiff's and the west line of the defendant's land ; and the question is, whether, in consequence of the uncertainty of the description in the complaint in the former action, the new plaintiff is deprived of all benefit of the former judgment as an adjudication upon the point now in dispute ; or, whether he may be permitted to show, as matter of fact, *aliunde* the record, what precise premises were the subject of the litigation and determination on the former trial.

We think he should have been permitted to show this. It is well-settled, we think, that, where it appears, from the record, that the matter which, it is claimed, was before adjudicated, might have been determined, then the party seeking to avail himself of the former recovery may show, by parol or otherwise, that the precise point was, in fact, litigated and determined.

In the leading and much-litigated case of *Wood* v. *Jackson* ex dem. *Genet* (8 Wend., 9), this doctrine was established by the court of last resort. That was an action of ejectment ; and the defendant, to estop the lessor of the plaintiff on the question of title, offered in evidence a judgment in an action of assumpsit. Genet, the lessor of the plaintiff, claimed title under a deed from Maria Osgood to her daughter, who subsequently became his wife. After the death of Maria Osgood, Genet and wife were sued, as heirs and devisees of Maria Osgood, in an action of assumpsit, for a debt due by her in her lifetime to the Manhattan Bank. Genet and wife pleaded *rien per descent or devise.* To this the plaintiff replied that they had sufficient lands and tenements, by descent and devise

from Maria Osgood, wherewith they ought to have paid the debts, but describing no lands whatever. The jury found that Genet and wife, and the others sued as heirs and devisees, and each of them, had "divers lands, tenements and hereditaments," by descent and devise from Maria Osgood, wherewith they could, might and ought to have satisfied the debt, and assessed the plaintiff's damages, without describing any particular lands, and judgment was rendered thereon against the defendants, "to be levied of the lands," &c., which the defendants had, as well by descent as by devise from Maria Osgood.

The defendant showed title in himself under that judgment, and offered to prove that the deed from Maria Osgood to her daughter (under which Genet and wife now claimed title) was introduced in evidence in that former action, and that the question before the jury was, whether that conveyance was or was not fraudulent and void, as against the creditors of Maria Osgood, and whether lot No. 11 Cherry street (the premises sued for) was or was not assets, by descent or devise, in the hands of the defendants in the former action; that evidence was given touching these questions; and that the questions were, by the counsel and court, submitted to the jury, and decided against the lessor of the plaintiff.

In none of the pleadings or judgment in the former action were any premises specifically described, nor could it appear from the record that anything had been determined in regard to the premises in controversy in the action of ejectment. The parol evidence offered was rejected. The ruling at *Nisi Prius* was sustained by the Supreme Court; but that judgment was reversed by the Court for the Correction of Errors, the latter court holding that the parol evidence to identify the premises in controversy in the action of ejectment, with those which in the former action were found to have descended, was admissible. That case therefore establishes the proposition that on a question of title to land, a former judgment may be read as an estoppel, although no land whatever be described in the record, on its being shown by parol, that the

title to the same land involved in the existing controversy, was material, and in fact, investigated and determined in the former action. In the case before us the plaintiff asked only to identify the premises which were the subject of the former action, by simply adding more definiteness and certainty to a description contained in the complaint, which undertook to describe certain premises, which so far as the record showed, might or might not have been the same premises, the title to which was in controversy in this action. This is, as it seems to us, far short of what was held to be admissible in the case of *Wood* v. *Jackson.* (See also *Lawrence* v. *Hunt,* 10 Wend., 80.)

On the authority of these cases and others to the like effect, we think the plaintiff was entitled to make the proof offered by him to identify the land, which was the subject of the controversy in the former suit, with that to which the title was in question in the present action. This conclusion renders it unnecessary to consider the exception to the charge. A new trial must be granted ; costs to abide the event.

JOHNSON, J., having tried the cause below, did not sit on the argument of the motion for a new trial.

