ROBERT · T. JOHNSON, Receiver, &c., of JOHN EDGERTON, Respondent, *v.* THE ALBANY AND SUSQUEHANNA RAILROAD ·COMPANY, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1871.)

E. subscribed for twenty shares of the defendant's stock, of $100 per share, paid ten per cent down and agreed to pay the balance on call of the directors. Several calls upon E. were made and payments made by him pursuant thereto to the amount of $1,000. Other calls not being met by E., a suit was commenced against him by defendants for recovery of the balance due, and as to all but the installment due under a last call of $200, he sustained the defence of the statute of limitations. A judgment was recovered by defendant for the balance due under the last call, which was collected from E. by execution; afterward the defendant passed a resolution forfeiting all shares of stock upon which any amount remained

unpaid. The plaintiff having been appointed receiver of E.'s property, sued in this action to compel the issue to him, as such, of the shares of stock subscribed for by E., demand therefor having been made of the defendant and delivery refused.

*Held* (MILLER, P. J., dissenting), that the defendant was not estopped by the judgment recovered against E., and payment thereof, from setting up as a defence in this action the non-payment for and forfeiture of such shares.

APPEAL from judgment rendered for plaintiff upon trial by the court without jury. The facts are stated in the opinion.

*N. C. Moak*, for the appellant.

*A. J. Parker, Jr.*, for the respondent.

Present—MILLER, P. J., JAMES and PARKER, JJ.

PARKER, J. This is an appeal from a judgment rendered upon a trial at the Albany Special Term, requiring the defendant to issue to the plaintiff, as receiver, a certificate for twenty shares of the company's stock subscribed for by John Edgerton.

The plaintiff became receiver of all the property of John Edgerton, September 23d, 1867. In June, 1852, Edgerton subscribed for twenty shares of the capital stock of the defendant of $100 per share, paid ten per cent down and agreed to pay the residue on call of the directors. On the 30th of May, 1853, the defendant's directors passed a resolution calling for ten per cent of the stock on the first of September then next, and ten per cent at the end of every sixty days thereafter. Up to December 12th, 1860, Edgerton had paid in all five installments of $200 each, leaving due and unpaid five other installments of $200 each. On that day a suit was commenced by the company against Edgerton to collect the said five unpaid installments amounting to $1,000.

Edgerton put in, among other defences, that of the statute of limitations. The cause was tried at the Delaware circuit, September 9th, 1863, and as to all said five installments sued for, except the last, the statute of limitations was held a

defence in bar, and for the last installment of $200 and interest, a judgment was obtained against said Edgerton, which was subsequently on the 21st of April, 1864, collected of him by execution.

Afterward, on the 7th of April, 1868, defendant's directors passed a resolution, directing the treasurer to serve notices upon each of the stockholders who had not paid the whole amount of stock subscribed for by them, requiring the balance due the company on said stock to be paid on or before the first day of July then next, and that in case of failure so to pay, the stock and all previous payments thereon would be forfeited for the use of the company.

On the 1st of May, 1868, the treasurer served upon Edgerton by mail a copy of the said resolution, and a statement of his account showing $1,000 due upon his subscription, and notifying him that such balance with interest must be paid by the 1st of July, 1868, or that the stock and payments already made would be forfeited, as stated in the resolution. No further payment was made by Edgerton or any one on his behalf, and no notice had been given to defendants, nor had they any knowledge or information that a receiver of his property had been appointed.

On the 14th of July, 1868, the directors passed a resolution forfeiting the stock of all subscribers to the stock upon which the several installments had not been fully paid, together with all previous payments thereon, where notices had been served in accordance with the resolution of April 7, 1868.

Prior to the commencement of this suit, the plaintiff demanded of the defendant a certificate for the said twenty shares of stock, to be issued to him as receiver, which the defendant refused.

The court, at Special Term, held that the said twenty shares of stock belonged to the said John Edgerton prior to the appointment of the plaintiff receiver, and adjudged that the defendant execute and deliver to the plaintiff, as such receiver, a certificate for twenty shares of the capital stock

of the defendant. From this judgment the defendant brings this appeal.

Did the payment by Edgerton of the judgment obtained against him for all of the unpaid portion of his subscription, which the law held him bound to pay, operate, for the purposes of this suit, as a payment of the whole of that portion of the subscription unpaid when the suit in which the judgment was obtained was commenced; or, can the defendant now set up the fact that out of $1,000 of such unpaid portion, only $200 was recovered by the judgment, and $800 thereof still remains unpaid?

As stated in the opinion of the court, in *Doty* v. *Brown* (4 Comst., 73), "the settled principle of law appears to be, that the same point or question, when once litigated and settled by a verdict and judgment thereon, shall not again be contested in any subsequent controversy between the same parties, depending on that point or question." (See, also, *Castle* v. *Noyes*, 14 N. Y., 329, and *Embury* v. *Conner*, 3 Comst., 511.)

It is this principle upon which the court at Special Term grounds its decision that in this suit the defendant is estopped from denying that the amount which it recovered in its suit against Edgerton was all that Edgerton owed upon his subscription.

If the judgment at law in fact settled the amount of the *debt*, there is no escape from the conclusion arrived at by the court at Special Term. Whether or not the amount of the debt was so settled, is, then, the question.

It fully appears in the case that the only defence sustained against the recovery of the sixth, seventh, eighth and ninth installments was the statute of limitations, and the only reason why those installments were not included in the judgment was the fact that they were barred by the statute. The only issue, then, material to the question before us was that of the statute of limitations, and the only thing settled by the judgment was that as to those four installments the statute was a bar.

The conclusive effect of a judgment depends upon the principle that what has once been judicially determined shall not again be the subject of controversy. (*Gardner* v. *Buckbee*, 3 Cow., 120.) Hence it is that the nature of the question in dispute between the parties may be shown by parol, and thus brought within the estoppel of the judgment. (10 Wend., 80 ; 2 Hill, 478; 4 Barb., 36 ; id., 457; 12 id., 567 ; 3 Wend., 27 ; 8 id., 9.)

It is well settled that the statute of limitations acts upon the *remedy* and not upon the *debt*. (*Waltermire* v. *Westover*, 4 Kern., 16, and cases there cited.) The judgment in this case, therefore, although conclusive against the right of the defendant to collect anything more upon the subscription, is not conclusive that the subscription has been fully paid.

In this suit, brought by the receiver, Edgerton's assignee, to compel the delivery of the stock subscribed for, the question is, not whether the defendant has, by its laches, lost its remedy to compel Edgerton to pay his subscription, but whether he has in fact paid it, so as to have become entitled to such stock. This is the plain, common-sense view of the case, and this is the inquiry which a court of equity will make.

In the case of *Morey* v. *Farmers' Loan and Trust Co.* (4 Kern., 302), it was held that even the presumption of payment, arising from the lapse of twenty years after the money became due on a contract for the sale of land, was not sufficient evidence of payment to entitle the vendee to a decree for the conveyance of the land, pursuant to the contract. "To decree a specific performance," say the court, "rests in the discretion of a court of equity * * * The party must show affirmatively that he has performed the contract. He must have actually paid the purchase-money. This must be shown. It will not be assumed that the consideration agreed to be paid was paid at the time it was by the contract payable. Though more than twenty years may have elapsed from the time a right of action shall have accrued at law for the purchase-money, it would be no reason

for a court of equity to give the same effect to a presumption of payment from lapse of time as to proof of actual payment and wrest the legal title from the holder. This would be a strange use of what we cannot help to observe was designed in effect only as a statute of limitations, a defensive weapon, and not an instrument of attack. It would be allowing a party who asks affirmative aid to avail himself of a mere legal presumption, intended as a shield and protection against attack, to establish his right thereto."

The same was held in *Lawrence v. Ball* (4 Kern., 477), where a defendant in ejectment sought to set up an equitable title in himself, based upon the presumption arising from the lapse of twenty years of payment by him of the purchase-money which he had agreed to pay, in a contract for the sale of the land to him. Such presumption was held insufficient, and payment in fact of the purchase-money was held indispensable.

The whole of the purchase-money of the stock subscribed for in this case not having been in fact paid, it would, I think, be in conflict with the decisions in these cases to decree the issuing of the certificate therefor to the plaintiff. I am therefore of the opinion that the judgment of the Special Term appealed from is erroneous.

In regard to the question as to the validity of the alleged forfeiture of the stock by the defendant after the obtaining of said judgment against said Edgerton and payment thereof by him, I do not see that it is legitimately before us. The judgment appealed from adjudges nothing in regard to it. I, therefore, refrain from any discussion of the question. The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

JAMES, J., concurred.

MILLER, P. J., dissenting. The authorities hold that the statute of limitations acts upon the remedy and does not discharge the debt (*Waltermire v. Westover*, 4 Kern., 16), and it was held that the statute of limitations, which barred an action

upon a justice's judgment, where a transcript has been filed, did not extinguish it or destroy its lien. In *Morey* v. *F. L. and T. Co.* (4 Kern., 309), it was decided that the presumption of payment arising from the lapse of twenty years after the money became due was not sufficient evidence of payment to entitle the plaintiff to the relief demanded. The action was brought to compel a conveyance of land and for a specific performance. WRIGHT, J., at page 309 of the case, makes some remarks in regard to the effect of a presumption of payment upon lapse of time, which, if applicable to an action similar to the one before us, would effectually dispose of it adversely to the plaintiff's claim. It may, however, be remarked that the distinguishing feature between the last cases cited and the one at bar is that in each of the former the action depended upon a presumption which rested upon the statute of limitations, while here the right of the plaintiff to maintain the action depends upon a judgment which ordinarily would be considered as entirely conclusive as to the subject-matter of the controversy.

The same remarks are applicable to *Lawrence* v. *Ball* (4 Kern., 477), where the defendant sought to set up an equitable title in himself upon the presumption arising from a lapse of twenty years of the payment of the purchase-money on a contract for the sale of land.

It will be seen that neither of these cases decides the precise point now presented, and there is no adjudicated case which holds that where a defence of the statute of limitations is interposed and the action thereby defeated, that a judgment entered therein is not conclusive as to the debt. The debt clearly could not be recovered again if the statute was not plead, as the judgment would be a bar. It is not the statute which concludes the party, but the judgment.

Where a party brings an action upon a demand, and is defeated in obtaining a judgment, it matters not whether the defence is payment, the statute of limitations, or any other lawful defence, as all defences stand upon the same footing in law ; the judgment is equally conclusive in all cases. Where

a judgment is shown, it establishes that there has been an adjudication of the subject-matter of the controversy, and there is no case which holds that because the judgment is predicated upon the statute of limitations, it is of no avail in an equitable action, and an exception to the general rule which makes it conclusive. There is no rule of law which makes a judgment less conclusive in one case than in another, and although presumptions may not always be conclusive in equitable cases, yet when the presumption is made certain by a judicial determination it is difficult to draw a line which will limit and qualify that adjudication. A judgment is conclusive of itself, and none the less so because it rests upon the statute of limitations, which the law recognizes as a valid defence.

No judgment had been obtained in the cases cited, and the question was, whether the party seeking an equitable remedy, could avail himself of the presumption arising from the statute of limitations. This is not the question to be determined in the case at bar, and the doctrine of presumption is not in the case. The real question is, whether a judgment which settles the right to collect a demand is less conclusive and absolute, because the defence in the action was founded upon the statute of limitations.

The judgment in question in this case settled the amount of the plaintiff's demand in the action. It adjudicated what was still due. No matter for what causes, it adjudged that only a certain amount was due and unpaid. The issue was not alone whether the statute of limitations barred the claim, but what amount was due upon it, and that amount was determined by the adjudication, whether by payment, set off, or any other defences is not material, as it is enough that the amount was fixed and settled without examining especially as to the character of the defence interposed. The judgment decided that there was a contract, and that Edgerton owed the plaintiff in the action a certain sum upon that contract; that no more could be recovered, and when the judgment was paid the stock belonged to Edgerton.

As a judgment was recovered and paid, there could be no forfeiture of the stock, and the judge properly held that the plaintiff was entitled to recover.

The judgment should be affirmed with costs.

Judgment reversed.