## Pauline Wahle

v.

## William Wahle.

1. Husband and wife—*when the wife is entitled to separate maintenance.* To entitle a wife to a separate maintenance, she must show that she lives separate and apart from her husband without her fault. If she voluntarily abandons him, if she is compelled to abandon him on account of her adultery or her wicked conduct, she will not be entitled to a separate maintenance.

2. EVIDENCE—*a judgment or decree* is not evidence upon a question which is only collaterally drawn in question, nor to any matter incidentally cognizable, or where it is to be inferred from the judgment only by argument or construction.

3. SAME — *verdict of a jury against a husband seeking a divorce, not sufficient to establish the claim of the wife to a separate maintenance.* A husband filed a bill for a divorce, on the ground of desertion, and the wife answered, justifying the desertion on the grounds of the cruelty and unkindness of the husband, and adultery on his part, and filed a cross-bill alleging the same facts, and praying for a separate maintenance; the issues upon the bill for divorce were submitted to a jury, and their verdict was against the complainant, and thereupon the court decreed that the complainant's bill be dismissed, and the cross-bill was continued for hearing until a subsequent term of court: *Held*, that, upon the subsequent hearing of the cross-bill, the finding of the jury upon the issues submitted upon the original bill was not sufficient evidence of the truth of the allegations of the cross-bill to entitle the wife to a decree for separate maintenance.

4. SAME—*of a particeps criminis in adultery.* The evidence of a *particeps criminis* in adultery is, at best, liable to grave suspicion, and it should in no case be admitted, unless it is pertinent to the issue, and the party against whom it is produced has been reasonably advised by the state of the pleadings, so that he may be prepared to meet it.

5. PLEADING AND EVIDENCE. On the hearing of a cross-bill filed by a wife living separate from her husband, for a separate maintenance, in which the husband was charged with having committed adultery at different times and places, but there was no proof sustaining the charges, the court properly excluded the deposition of a woman who testified to the husband having committed adultery with her subsequently to the filing of the cross-bill.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for the appellant.

Messrs. DUMMER & BROWN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee filed his bill in the office of the clerk of the circuit court of Morgan county, against the appellant, on the 27th day of January, 1871, praying for a divorce upon the

ground that appellant had, without any just or reasonable cause, wilfully deserted and abandoned him for two years.

On the 14th day of August following, appellant answered the bill, admitting that she had not resided or cohabited with appellee for two years before the filing of his bill, and justifying her conduct by his unkindness and cruelty.

On the 12th day of December, of the same year, appellant filed her cross-bill against appellee, charging him with cruelty and adultery, and praying for a separate maintenance.

On the 9th day of February, 1872, appellant filed her amended answer to the bill of appellee, charging him with adultery.

Appellee filed replications to the answers of appellant, and also answer to her cross-bill.

At the November term, 1872, of the Morgan circuit court, the issues upon appellee's bill for divorce were submitted to and tried by a jury, who found for the defendant, upon which the court decreed that the bill be dismissed at the complainant's costs.

Appellant's cross-bill was continued for hearing until the May term, 1873, when the case was heard on pleadings and proofs, and decree was rendered by the court dismissing the cross-bill.

Appellant insists that the court erred in dismissing her cross-bill, because the verdict of the jury was a judicial determination, establishing the facts alleged in her cross-bill, and justifying her in living apart from appellee.

Had the issues upon the cross-bill been submitted to the jury with the issues upon the original bill, and the verdict been as it was, there would be much force in the position contended for. But this was not done, the cases having been disposed of as if the one had no connection with or dependence upon the other.

Is, then, the record of a judgment finding the issues against a complainant, who seeks a divorce on the ground of abandonment, conclusive evidence in favor of the defendant's

right to recover maintenance? Does such a record conclusively prove that she is living apart from her husband without her fault? It can not be pretended that the object of the bills and the relief sought is, in each case, the same. Nor will the same evidence necessarily determine both cases. To sustain the bill for divorce, the proof must show that the abandonment was without the fault of the complainant; that it was wilful, and that it was continuous for the period of two years. If, therefore, the abandonment was for less than two years, if it was by mutual consent, or if it was induced by the acts of the complainant, whatever may have been the fault of the defendant, the verdict would necessarily have to be for the defendant.

To sustain the bill for maintenance, the proof must show that the complainant lives separate and apart from her husband without her fault. If, therefore, she voluntarily abandoned him, if she was compelled to abandon him on account of her adultery, or her wicked conduct, the verdict would necessarily have to be against her. Proof of fault in one, is not evidence of correct deportment in the other. Nor does it follow, because one is unable to maintain an action, the other must necessarily be entitled to recover.

It is of no importance that the answer of appellant did not put in issue the length of time which she had abandoned appellee. It was the duty of the court, under the statute, to require full proof upon this point, if, in its judgment, the ends of justice required it. The evidence given upon the trial of the original bill is not before us. The verdict of the jury is general, and does not indicate upon what their finding is predicated. We are, therefore, unable to know upon what evidence they were induced to find as they did. If the jury believed, from the evidence, that the abandonment was the result of the mutual fault of the parties, the verdict should have been as it was. Yet no one would pretend that such a verdict could avail the defendant in a subsequent ap-

33—71st Ill.

plication for affirmative relief. A judgment or decree is not evidence upon a question which was only collaterally drawn in question, nor to any matter incidentally cognizable, or where it is to be inferred from the judgment only by argument or construction. Freeman on Judgments, sec. 258; *Lea* v. *Lea*, 99 Mass. 493; *Jackson* v. *Wood*, 3 Wendell, 27; Broom's Legal Maxims, 231. We think the court properly disregarded the record of the finding upon the original bill.

It is also insisted that the court erred in excluding the deposition of Helen Moeller, proving that appellee committed adultery with herself.

This evidence neither proved nor tended to prove a single charge in the cross-bill. It is true, adultery is therein charged as having been committed at different times and places. But these charges are entirely unsustained by proof. If adultery was, in fact, committed with this witness, as was offered to be shown by her deposition, it was long subsequent to the filing of the cross-bill and answer. No amendment of the cross-bill was made, or asked to be made, under which it would have been pertinent. The evidence of a *particeps criminis* in adultery is, at best, liable to grave suspicion, and it should in no case be admitted, unless it is pertinent to the issue, and the party against whom it is produced has been reasonably advised by the state of pleadings, so that he might be prepared to meet it.

Under the state of the pleadings, the deposition was not admissible, and it was properly excluded.

It is finally insisted that the evidence in the record does not sustain the decree of the court dismissing the cross-bill.

We have carefully examined all the evidence in the record, and we are of opinion that the court below arrived at a proper conclusion. Much of appellee's conduct is liable to severe censure, but that of the appellant is equally, if not more, objectionable. Had appellee's conduct driven appellant away from her home, we are at a loss to comprehend why it did not do so when the indignities and injuries were

recent.   She remained with him for some time after most of
which she now complains had transpired.   When she started
for Europe, no separation seems to have been anticipated by
either.     There was nothing of an unpleasant nature, of
which she complains, occurring at or immediately before the
time of her departure.   The appellee consented that she
should make the trip. and gave her money for that purpose.
She wrote him from Bloomington, also from New York, ad-
dressing him as "Dear husband," speaking familiarly of mat-
ters at their home, and the incidents of her trip, intimating
no dissatisfaction, and no desire to separate from him.

Appellant left her husband at Jacksonville, and started to
Europe, in August, 1868.   The first intimation that she gave
him that she did not intend to return, was in a letter dated
at Goerlitz, December 3, 1869, really written, however, as she
explains, on the 3d of January, 1869.   In this letter she re-
views some of the circumstances of their married life, and
says: "Enclosed you will find my photograph.   You see I
have grown stronger, and am probably now still stronger
than at the time when the picture was taken ; however, I am
obliged for this recreation more to a spiritual rest than physi-
cal health.   Believing, from this reason, to be also in future
unable to give satisfaction to a man, and as our relation, irre-
spective of this, has been a very deranged one, I would pro-
pose to you to remain in future separate.   You know how
often various scenes were repeated lately.   You know of how
severe a nature you are, and how little subordination I pos-
sess,—in a word, we are not fitted for each other."   In con-
clusion, she says:   "I have, then, only to ask, in which
manner you think to compensate me.   I wish to arrange
this matter between us mutually, and I think you sensible
enough not to expect of a woman to work ten years for a man
for nothing.   In six weeks, at the latest, I expect your
answer to this.   If I had the money, I should have come
myself, instead of the letter, to negotiate verbally."

Between the time she left her husband, in August, and the date of this letter, it is not claimed that appellee had done anything to render it impossible for appellant to live with him in safety and in comfort; and it is evident that when she left him she did not deem it necessary to effect a permanent separation; for if she had, she could, in her own language, have "negotiated verbally."

This letter provoked a bitter and uncharitable reply from appellee, and there is much evidence of crimination and re-crimination. As in all family quarrels, it is not easy to get at the precise truth with regard to the entire conduct of either. Charges are made and denied, and counter-charges made and denied in return. It is, however, we think, sufficiently shown that appellant's abandonment was not caused by the immediate conduct of appellee; and the evidence also sufficiently shows that he has always been willing and ready to provide her a home and reasonable maintenance. The statute does not contemplate that, merely because of incompatibility of disposition, or occasional exhibitions of passion or impru-dence in speech, which may have been provoked by herself, the wife shall be justified in abandoning her home, with the view to compel her husband to maintain her elsewhere. To authorize a decree for the separate maintenance of the wife, other than for the causes for which a divorce will be granted, it ought, at least, to be proved that there was reasonable dan-ger of personal violence to her, or a persistent unjustifiable course of conduct, on the part of her husband, which would necessarily render her miserable, if she continued to remain with him, and that the conduct of the husband was not, in any considerable degree, induced by her fault.

The decree is affirmed.

*Decree affirmed.*