## JESSIE L. INGRAM v. JAMES INGRAM.

### January Term, 1903.

Present: TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed August 5, 1903.

*Petition for support—Sufficiency—Findings in former suit—*
*Admissibility.*

A petition for support, under V. S. 2701, need not allege that the wife
is living apart from the husband.

On trial of such petition, a finding of facts made in former divorce
proceedings brought by the husband, to the effect that the wife
was not guilty of wilful desertion, is inadmissible.

PETITION FOR SUPPORT. Heard at the March Term, 1902, Washington County, *Haselton*, J., presiding. Judgment for petitioner. The defendant excepted.

*John W. Gordon* for the defendant.

The findings of fact were inadmissible. The issues in the divorce case and in the case at bar were not the same. *Priest* v. *Foster*, 69 Vt. 417; *Aiken* v. *Peck*, 22 Vt. 255; *Tarbell* v. *Tarbell*, 57 Vt. 492:

The petition is insufficient in that it does not set forth sufficient facts to show that the petitioner is entitled to the relief prayed for.

*Frank J. Martin* for the petitioner.

The petition alleges in the words of the statute that the petitionee fails, without just cause, to furnish suitable support for the petitioner. This is sufficient. V. S. 2701.

Whatever might have been litigated under the issue in the divorce proceedings is *res judicata*. *Kalisch* v. *Kalisch*, 9

Wis. 529; *Hood* v. *Hood,* 110 Mass. 401; *Hemenway* v. *Wood,* 53 Ia. 21; *Walker* v. *Chase,* 53 Me. 258; *Baker* v. *Stenchfield,* 57 Me. 563.

TYLER, J.  The petition alleges that the parties were married in Scotland, in the year 1874; that the petitionee afterwards supported the petitioner in Scotland and in Barre, this State, until June, 1886, since which time, he has, without just cause, failed to support her, though he has had ample means therefor; that she has no means of her own; that in July, 1900, when the petitioner was living in Scotland, the petitionee brought a petition for divorce against her returnable to the September term, 1900, of the Washington County Court, for the cause of desertion; that it was duly served upon her; that certain orders were made in respect to temporary alimony; that the petition was heard at the March term, 1901, and dismissed.  The petitioner further alleges that her husband deserted her; that she is living apart from him, and prays that he may be decreed to furnish her suitable support.

1.  Under the first clause of V. S. 2701, it was only necessary to allege that the husband had failed, without just cause, to furnish suitable support for his wife.  It was not necessary to allege or prove that she was living apart from him.  But the petitionee contends that, as the petition alleges, under the third clause of the section, that the petitioner was living apart from him, it should have further alleged that it was for justifiable cause, and specified the cause.  But we think the petition was sufficient.  It was within the discretionary power of the Court below to have ordered a specification, upon motion therefor, before the trial commenced; but such motion was not made.

The degree of strictness required in common law pleadings is not necessary in proceedings under this section, or in

divorce cases.    In *Blain* v. *Blain,* 45 Vt. 538, the Court said:
"Petitions for divorce are addressed to the judicial discretion
of the Court; and Courts are justified, in some form, in reach-
ing and hearing the proof of every essential fact touching the
character of such relation.    The manner of pleading is meas-
urably addressed to the discretion of the Court."

2.    The petition being sufficient, it was for the trial
Court to decide, upon the evidence, whether the wife was en-
titled to an order that her husband should support her while
living apart from him.

The petitioner, before resting her case, offered a finding
of facts by the trial Court in the divorce case, upon which its
judgment was based, for the purpose of showing the cause of
the parties living apart from each other, and under the peti-
tionee's exception the finding and the docket entries in that
case, with the other evidence offered, were admitted.    Were
they legal evidence?

This is the rule, as stated in *So. Pac. R. R. Co.* v. *U. S.,*
Sup. Ct. U. S., Book 42, page 355.    "The general principle
announced in numerous cases is, that a right, question, or fact
distinctly put in issue and directly determined by a Court of
competent jurisdiction as a ground of recovery, cannot be dis-
puted in a subsequent suit between the same parties or their
privies; and, even if the second suit is for a different cause of
action, the right, question, or fact once so determined must,
as between the same parties or their privies, be taken as con-
clusively established, so long as the judgment in the first suit
remains unmodified."

It was decided in *Cromwell* v. *Sac County,* Sup. Ct. U.
S., Book 24, page 195, that, "where the second action between
the same parties is upon a different claim or demand, the judg-
ment in the prior action operates as an estoppel only as to

those matters in issue or points controverted, upon the determination of which the finding or verdict was based."

In *Wahle* v. *Wahle,* 71 Ill. 510, the husband brought his petition for divorce upon the ground that his wife had, without just cause, deserted him for two years. She answered, admitting that she had not lived with him during that time, and justified her conduct by his cruelty to her. Later, she filed her cross-bill charging cruelty and adultery, and praying for a separate maintenance. Later still, she filed an amended answer charging adultery. The petition for divorce was tried, and the petitioner was defeated. Then the wife's cross-bill was tried and dismissed. The wife insisted that the verdict in the first suit was a judicial determination of the facts alleged in her cross-bill, and justified her living apart. The question was whether the record of a judgment finding the issues against a complainant, who had sought a divorce on the ground of desertion, was conclusive evidence in favor of the defendant's right to recover maintenance. Did such a record conclusively prove that the wife was living apart from her husband without her fault? The Court said it could not be pretended that the object of the bills and the relief sought was in each case, the same; that if the issues made in the cross-bill had been submitted to the jury with the issues made in the original bill, and the verdict had been as it was, there would have been force in the wife's claim. But it was not done, and the cases had been disposed of as if they had no connection with each other.

In that case it was decided that, "to entitle a wife to a separate maintenance, she must show that she lives separate and apart from her husband without her fault. If she voluntarily abandons him, or if she is compelled to abandon him on account of her adultery or her wicked conduct, she will not be,

entitled to a separate maintenance; that a judgment or decree is not evidence upon a matter that is only collaterally drawn in question, nor to any matter incidentally cognizable, * * * ." Freeman on Judgments, § 258; *Lea* v. *Lea*, 99 Mass. 493, 96 Am. Dec. 772; *Jackson* v. *Wood*, 3 Wend. 27; Broom's Legal Maxims, 231.

This case shows that the fact of the adjudication in the divorce suit was in evidence in this trial without objection. The finding of facts was, in substance, that after the marriage the parties lived in Scotland till 1882, when the husband came to Barre; that the wife came in 1885, and lived with him about a year; that they did not live harmoniously, for the reason that the wife thought her husband unduly intimate with another woman; that they had unpleasant talks, and the wife spoke of leaving, and the husband said she had better leave; that on one occasion he told her he should be happier if she would take her trunk and go home, and that he would not go out with her if she remained in Barre; that these talks resulted in her returning to Scotland with her husband's consent and pecuniary assistance; that he went to Boston with her and their daughter, and helped them in getting on board the boat; that the petitioner never requested the petitionee to return and live with him; that at one time, when she sought an interview with him, when he was in Scotland, he refused to see her, and that he has never wished to have her return.

The only issue in the former case was whether the wife was guilty of wilful desertion; in this, the issues were whether the petitionee had, without just cause, failed to furnish suitable support for his wife, or had deserted her, or whether the petitioner was actually living apart from the petitionee for a justifiable cause.

It is evident that the issues in the two suits were not dependent upon the same facts, so the former judgment was not conclusive of the petitioner's right to the order prayed for here. The adjudicated fact that the petitioner did not wilfully desert her husband did not establish any allegation in her petition, nor, consequently, her right to a separate support. The issues here made must be decided upon a trial in the Court below.

The "finding of facts" in the divorce suit was immaterial, and should have been excluded.

*Judgment reversed and cause remanded.*

